State vs. Nelson.

---

### No. 9810.

#### THE STATE OF LOUISIANA VS. BILL NELSON.

1. A razor is not a dangerous weapon within the intendment of Revised Statutes, sec. 832.

2. An indictment which charges that the accused "did have, and carry, concealed on or about his person, a certain dangerous weapon called a razor," is bad.

3. Whether the instrument named in the indictment as a "dangerous weapon" is one within the meaning of the statute, the trial judge must decide, on hearing a motion to quash or one in arrest of judgment, as upon every other essential ingredient of an indictment.

APPEAL from the Tenth District Court, Parish of Red River. *Hall*, J.

*M. J. Cunningham*, Attorney General, and *J. O. Pugh*, District Attorney, for the State, Appellee.

*Pierson & Hull* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The accused appeals from a judgment of conviction under Revised Statutes, sec. 932, which declares that "whoever shall carry any weapon, or weapons, concealed on or about his person, such as bowie-knives, pistols, dirks, or any *other* dangerous weapon, shall, on conviction," etc.

The indictment charges that the accused "did have and carry concealed, on or about his person, a certain dangerous weapon called a *razor*, contrary to the form of the statute," etc.

He waived trial by jury, and elected to be tried by the judge.

*In limine* his counsel filed a motion to quash the indictment on the grounds, viz:

1st. That carrying a razor is not carrying a concealed weapon.

2d. That a razor is not a dangerous weapon within the meaning of the law.

It seems the motion to quash was tried with the merits and was overruled, and a judgment of guilty entered.

At this stage of proceedings the counsel for the accused filed a motion in arrest of judgment, in which he assigns as error apparent upon the face of the record the defects mentioned in his motion to quash, and the overruling of the same by the trial judge.

The record contains no part of the evidence adduced on the trial; and no bill of exceptions.

The only question, therefore, is whether defendant's motion to quash the indictment was well taken, or his motion in arrest should have been sustained.

It presents a matter of substance material to be averred in the indictment.

Is a razor a weapon within the intendment of the statute under which defendant was indicted?

The *gravámen* of the statute is the punishment of persons who *carry* "weapons" concealed on or about their persons.

The statute instances the following, viz: such as bowie-knives, pistols and dirks. The sentence then concludes with the qualifying phrase, "*or other* dangerous weapons."

It is plain that the carrying of a weapon concealed is the crime the statute contemplated. To bring the accused within its provisions, the indictment must charge that he had carried concealed on or about his person a weapon of the particular description enumerated, or some "*other* dangerous weapon."

In the judge's opinion he says: "While the razor was not originally intended by the inventor and maker as a dangerous weapon, it has *become* one in *common practice,* and is more frequently carried and *used as such* than the bowie-knife, the dirk, or any other dangerous weapon, except the faithful revolver;" and, after citing a few authorities, concludes "that a razor, therefore, *if carried as a weapon,* is within the prohibition of the statute; * * * and while a razor may be used for other purposes, it is incumbent upon the State to show in the evidence that it was *carried as a weapon.*

"Any other view would defeat the purpose and intent of the law;

State vs. Nelson.

for if a person can carry a razor concealed on or about his person, *as* a weapon, he can carry a butcher-knife, carving-knife, or any other instrument of domestic use, however dangerous and deadly its character, on or about his person."

In our opinion the meaning of the statute, unmistakably, is the carrying of a weapon *eo nomine,* and concealed. It must be a dangerous weapon *per se*—such as a bowie-knife, pistol, or dirk; and this must *affirmatively* appear upon the face of the indictment itself.

If it does not it is bad, and cannot support a conviction.

We do not regard the particular purpose to which the instrument is applied, as exercising control over its *character* as a weapon.

Whether the instrument named is a *weapon* the trial judge should decide, on a motion to quash, as upon every other essential ingredient of an indictment.

This question being determined, the charge against the accused goes to the jury upon the evidence adduced under it. To decide otherwise would be to hold that the jury were competent to pass upon the validity of the indictment.

This must be valid in its incipiency.

It must set out the crime with which the accused is charged with precision and certainty. This cannot be supplied by proof, nor eked out by inference.

A razor is an instrument or implement appertaining to the toilet, or shop. It has a well-known and specific use to which it is ordinarily applied. It is not known, or usually sold in market as a weapon. It may be quite as easily and conveniently carried in the pocket as a pen-knife, and when thus carried is effectually concealed from public open view. Under such circumstances the concealment of one would be just as pernicious as the other.

Conceding, for the argument, the full extent of the vicious habit of carrying a razor as a concealed weapon, mentioned by the judge, the cause of the State is not improved.

This habit may be one of recent origin, confined to a limited extent of country, and, perhaps, one that is practiced by a *certain* class of citizens.

A statute prevails throughout the State, and includes within its provisions every individual inhabitant thereof. It would seem to follow, as a logical sequence of this argument that, in the parish of Red River the carrying of a razor concealed, where this local habit, or usage prevailed, would be thus brought within the denunciation of the statute, while the carrying of a razor concealed by an inhabitant of some other parish of the State, where no such custom prevailed, would not.

It is argued that this court has placed an interpretation upon the words " a dangerous weapon," which supports the theory of the State.

In construing sec. 790 Rev. Stats., which declares that " if any person lying in wait, or in perpetration, or attempt to perpetrate, any arson, etc.,   *   *   *   shall shoot, stab, or thrust any person *with a dangerous weapon*, etc.,*" this court said, in State vs. Lowry, 33 Ann. 1224 : " From this it appears, and we hold, that 'thrusting' a person may well include thrusting with ' an iron bolt, rod, or pin,' whether the point be sharp or not.

" Such an instrument may well be *a dangerous weapon*," etc.

Conceding the correctness of that decision—and we do—does it follow that the *carrying* of " an iron bolt, rod or pin " concealed on or about the person, is the carrying of *a dangerous weapon*, in the sense of R. S., sec. 932 ?

If so, then the *carrying* concealed on or *about* one's person of any article which might be *used as* a dangerous weapon in a combat, whether it be an instrument or not—a stone, a bat, a ball, a pocket-knife, a rod, a bolt, or a bar—anything with which *injury* might be inflicted, would *become* " a dangerous weapon ;" and any person carrying *any one* of these articles concealed on or *about* his person—not "in open public view "—would become *eo instanti*, liable to prosecution therefor.

The law-maker, in our view, intended something more reasonable, and only denounced as a crime the carrying concealed dangerous weapons *eo nomine*, and not such articles, or instruments as might be *used* in an assault.

In the brief of the Attorney General we find the following paragraph, viz :

" The statement that carrying of a razor, *concealed as a weapon*, is a carrying of concealed weapons is calculated to direct the mind to the fact and the manner of the concealment, rather than to the *intent and purpose* with which is carried."

Again : " The statement that the carrying of a razor *as a weapon* is more correct, and directs the mind to the *intent and purpose* with which the razor is carried."

A ready answer to those suggestions is that neither " statement " conforms to the statute, which declares that " whosoever shall carry any weapon or weapons concealed."

The gist of the question is the carrying of a *weapon* concealed, and not the carrying of an instrument " concealed as a weapon," or the carrying of an instrument " *as a weapon concealed*."

60

The weapon, in the words of the statute, must be *such as* Bowie-knives, pistols, dirks, or *other dangerous weapon.*"

31 Ann. 849, State vs. Martin, in which the court says: " To constitute the crime charged it suffices that a dangerous weapon be carried on about the person; and it matters not that it be so carried *with or without any actual intent.*"

The definition quoted in the brief of the Attorney General, from Worcester, is conclusive against the State. It is: " Instruments *made on purpose* to fight with are called *arms, or weapons;* such as are *accidentally employed* to fight with, *weapons.*"

A legitimate deduction from this is that a razor belongs to the latter class, i. e., such as are accidentally employed to fight with, and not to the class of instruments " made on purpose to fight with."

The razor might be a weapon if *accidentally* or *actually employed* to fight with—as in State vs. Lowry—but it certainly is not such a dangerous weapon as is contemplated by the statute.

The motion to quash, or the motion made to arrest the judgment should have been sustained.

It is, therefore, ordered, adjudged and decreed that the judgment and sentence pronounced thereunder, be annulled and set aside; and it is further ordered, adjudged and decreed that the indictment be quashed and the accused discharged.

---

## DISSENTING OPINION.

FENNER, J. I think the court places too narrow a construction upon the statute.

It prohibits and punishes the carrying of " a weapon or weapons concealed on or about one's person, such as pistols, Bowie-knives and dirks, or any other dangerous weapon." The court's construction confines the prohibition to weapons " such as pistols, Bowie-knives and dirks," and nullifies the last clause entirely.

But the statute obviously goes further, and, after prohibiting the carrying of weapons, " such as pistols, Bowie-knives and dirks," extends the prohibition to " any other dangerous weapon " whatever.

Such construction not only renders objectless and meaningless the last words of the statute, but entirely emasculates its spirit and force. For what is the use of prohibiting the carrying of Bowie-knives, and dirks, if butcher-knives and carving-knives, in every way equivalent, may be carried with impunity ?

Butcher-knives, carving-knives and razors are doubtless made for

innocent and lawful use; but such use does not involve or suggest the necessity of carrying them concealed about the person. They are dangerous weapons, as has been frequently held under other statutes, and, when so carried, there is nothing in their nature or use which suggests any other purpose, ordinarily, than to carry them as weapons, and as dangerous weapons, within the statutory prohibition.

The records of our criminal courts show that these instruments, and especially the razor, are frequently so carried and used to effective purpose. The decision suggests to persons anxious to pursue the bad habit, which the law seeks to cure, a way of evading the law so simple and easy as to rob the law itself of all effect.

I dissent from the opinion and decree.

I concur in this opinion—Todd, J.