### STATE *vs.* NICHOLAS IANNUCCI.

*Criminal Case—Statute—Carrying Concealed a Deadly Weapon—
Razor—Lawful Purpose; Defendant Must Show It—Intent not Material Otherwise.*

1.  A razor is a deadly weapon within the meaning and contemplation of the act entitled "An act providing for the punishment of persons carrying concealed deadly weapons," *Chap. 548, Vol. 16, Laws of Delaware.*

2.  Where a jury is satisfied, beyond a reasonable doubt, from the facts before them that the accused had upon or about his person a deadly weapon, other than an ordinary pocket-knife, put there by him out of view, he is *prima facie* guilty under the law of carrying concealed a deadly weapon upon or about his person.

3.  But, although the accused is to be presumed guilty from the mere fact of having upon his person a deadly weapon out of sight, he may nevertheless show to the jury that he had put that weapon there and carried it there for a lawful purpose. It matters not, however, what may have been the intent and purpose of the accused, unless he shows that it was lawful. In order to convict it is not necessary for the State to prove that the purpose was unlawful; the burden is upon the prisoner to prove that it was lawful.

4.  The words "lawful purpose" defined and illustrated.

(*February 5, 1903.*)

JUDGES PENNEWILL and BOYCE, sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*John F. Lynn* for the defendant.

Court of General Sessions, New Castle County, February Term, 1903.

The defendant was indicted at this term for CARRYING CONCEALED A DEADLY WEAPON. At the trial the State proved that on the first day of January, 1903, the defendant was found by a police officer with a deadly weapon—to wit, a razor—concealed upon his person. The defendant testified that, although he had the

13

razor concealed upon his person, he was not carrying it for an un-lawful purpose; that he was sharpening it and getting ready to shave himself with the razor when notified that his brother was in a fight three or four squares away from the defendant's home; that he ran down to the scene of the supposed fight with the razor in his hand, but just before getting there put it up his sleeve, where it was found by the police officer who arrested him.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—Nicholas Iannucci, the prisoner at the bar, is charged in this indictment with, on the first day of January, 1903, having unlawfully carried concealed a deadly weapon upon and about his person other than an ordinary pocket-knife, viz., a razor.

The indictment is based upon the following statute of this State, being *Chap. 548, Vol. 16, Laws of Delaware*, entitled "An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons," which provides, "That if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket-knife, or shall knowingly sell a deadly weapon to a minor other than an ordinary pocket-knife," he shall upon conviction be punished as the statute prescribes; "*Provided*, That the provisions of this section shall not apply to the carrying of the usual weapons by policemen and other peace officers."

There is no contention, as we understand, that this defendant was a policeman or other peace officer, and therefore the case does not fall within the exception or proviso of the statute.

It has been repeatedly decided in this Court that a razor is a deadly weapon within the meaning and contemplation of this act. Quoting the language employed by this Court in the case of *State vs. Costen, 1 Pennewill, 19*—a case similar to this in many respects— "This Court has held that where a jury is satisfied, beyond a reasonable doubt, from the facts before them that the accused has upon or about his person a deadly weapon, other than an ordinary

pocket-knife, put there by him out of view, he is *prima facie* guilty under the law of carrying concealed a deadly weapon upon or about his person.

"But we have also held and instructed juries that although the accused is to be presumed guilty from the mere fact of having upon his person a deadly weapon out of sight, yet that he may nevertheless show to the jury that he had put that weapon there and carried it there for a lawful purpose. So that although you may find that he had a deadly weapon upon his person out of sight, you should not find him guilty if he has satisfied you by the evidence that he had it there for a lawful purpose. If you are satisfied, however, that he had it there out of sight upon his person, and the accused has not shown to your satisfaction that it was carried for a lawful purpose, your verdict should be guilty, because, as already said, in the absence of such proof he is presumed in law to be guilty, no matter what may have been his real intent."

We think it is proper to say to you that by the use of the words "lawful purpose" in the case above referred to, the Court meant a lawful purpose that was specific and, in a sense, temporary. For example, if a person should buy a deadly weapon at a store and put it in his pocket for the purpose of taking it home; or if a person should find a deadly weapon and place it in his pocket for the purpose of keeping it only till he could restore it to the owner or make some other proper disposition of it, such person would not be carrying a deadly weapon concealed within the meaning of said act. And to further illustrate: if a person takes such weapon from a drunken man, or a man laboring under great excitement and in a dangerous condition, and places it in his pocket for the purpose of keeping it till the person from whom it is taken is in a fit condition to receive it; or if such weapon is placed in the pocket of another accidentally without his knowledge, and he is unconscious of carrying it concealed upon his person, in none of these cases would he be guilty under said act. Many other illustrations might be used, but those we have given are sufficient to

indicate to your minds what is meant by the words "lawful pur- pose." If you are satisfied from the evidence, beyond a reasonable doubt, that the accused was, at the time of his arrest, carrying concealed a deadly weapon upon or about his person, other than an ordinary pocket-knife, and he has not shown to you satisfactorily by the evidence that his purpose was a lawful one, your verdict should be guilty. It matters not what may have been his intent or purpose, unless he has satisfied you that it was lawful in the sense we have indicated; and in order to convict it is not necessary for the State to prove that the purpose was unlawful. The burden is upon the prisoner to prove that it was lawful.

Verdict, guilty.