## STATE *vs.* ISAAC INGRAM.

WEAPONS—CARRYING CONCEALED WEAPONS—DEFENSES.

26 *Del. Laws*, c. 275, amended the law previously prohibiting the carrying of concealed weapons by declaring that any person of full age and good character, desiring to be licensed to carry a concealed weapon for the protection of his person or property, may be licensed to do so on specified conditions. *Held*, that it was no defense to a prosecution of an unlicensed person for carrying a concealed weapon that he did so to defend himself against one who had threatened to kill him.

(*October* 23, 1912.)

Statement—Opinion.

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*W. Watson Harrington*, Deputy Attorney General, for the state.

*James H. Satterfield* and *Caleb S. Layton* for the defendant.

Court of General Sessions, Kent County, October Term, 1912.

The defendant was indicted for carrying concealed a deadly weapon, being No. 13, October Term, 1912. At the trial the defendant admitted that he was carrying concealed a deadly weapon, to wit a revolver, at the time charged in the indictment, but sought to introduce evidence tending to show that he was carrying it to defend himself from a threatened assault of the prosecuting witness, who after an altercation with the defendant left the latter, saying he would return and would kill him. This was objected to by the state as immaterial.

PENNEWILL., C. J., delivering the opinion of the court:

We think that any testimony tending to show that the purpose of carrying this deadly weapon was for self-defense, is irrelevant and immaterial, in view of the statute found in *Volume 26, Laws of Delaware, Chapter* 278, at *page* 739.

The court has never held that a deadly weapon might be carried concealed on the person for the purpose of self-defense; and the laws of this state did not contemplate that a deadly weapon might be carried for such a purpose prior to the fourteenth day of March, 1911, when the statute entitled "Of Offenses against Public Justice" was approved.

That statute was an amendment to the act entitled "An act providing for the punishment of persons carrying concealed deadly weapons," and provides "that any person of full age and good moral character, desiring to be licensed to carry a concealed deadly weapon or weapons for the protection of his person or property, may be licensed to do so when the following conditions have been strictly complied with," etc.

Prior to the passage of said amendatory act it was unlawful to carry a deadly weapon concealed for the protection of person or property, and since the passage of this act it is lawful only when

the requirements of the statute have been complied with. It is admitted that the defendant had not obtained a permit or license as required by the statute.

The very purpose of this act was to make it lawful for a person to carry deadly weapons concealed by making application to the court for that purpose, and the clear implication is that it shall be unlawful unless authority is obtained pursuant to the provisions of the act. To hold otherwise would be to aid and encourage the very common and dangerous practice of carrying concealed deadly weapons and permit any one to indulge in such practice who is willing to swear that he did it for self-defense. We feel it our duty to suppress rather than encourage this vicious practice.

(The defendant thereupon withdrew his plea of not guilty and entered a plea of guilty.)