JUNIUS BROWN *v.* STATE.

[62 South. 353.]

1. CONCEALED WEAPONS. *Deadly weapons. Razor. Code* 1906, *section*
   1103.

   Under Code 1906, section 1103, making any person guilty of a
   misdemeanor who carries concealed any bowie knife, dirk knife,
   butcher knife, pistol, brass knuckles, slungshot, sword or deadly
   weapon of like kind or description, a razor is not a "deadly
   weapon" as defined by such statute.

2. SAME.

   A razor is a "sharp edged instrument used for shaving the
   face."

APPEAL from the circuit court of Adams county.

HON. E. E. BROWN, Judge.

Junius Brown was convicted of unlawfully carrying a
concealed deadly weapon and appeals.

The facts are fully stated in the opinion of the court.

*B. W. Crawford* and *Chas. F. Engle,* for appellant.

The affidavit in this case, omitting the formal part, is
in words and figures as follows: "One Junius Brown did
unlawfully carry concealed a certain deadly weapon, to-
wit, a razor, against the peace and dignity of the state of
Mississippi."

A demurrer to this affidavit was interposed by defend-
ant, assigning as cause of demurrer, among others, "that
the affidavit charges the deadly weapon carried to be a
razor and a razor is not such a deadly weapon as is con-
templated by section 1103 of Code of 1906."

The section under which the affidavit was drafted is in
the following language: "1103 (1026) Deadly weapons;
carrying of concealed (Laws 1898, p. 86). Any person
who carries concealed, in whole or in part, any bowie

knife, dirk, butcher knife, pistol, brass or metallic knuckels, slungshot, sword or other deadly weapon of like kind or description, shall be guilty of a misdemeanor, and on conviction shall be punished by fine of not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment in the county jail for nor more than three months, or both, in the discretion of the court.''

This brings the case to the point: Is a razor a deadly weapon in the intendment of the statute?

First, we will see what definition the courts have given to the word ''weapon.''

The Wisconsin Supreme Court speaking in *Harris* v. *Cameron*, 81 Wis. 239, 51 N. W. 437, 29 Am. St. Rep. 891, said, ''a weapon is an instrument of offensive combat, something to fight with.''

''Webster defines 'weapon' as 'an instrument of offensive or defensive combat, anything used or designed to be used in the destroying, defeating or injuring an enemy, as a gun or sword.' The term 'weapon' itself indicates that it is for the offense or defense of a person, and that it cannot be extended to include mere ordinary instruments not used for any such purpose.'' So held in *State* v. *Page,* 15 S. D. 613, 91 N. W. 313.

Thus we see that a ''weapon'' is an instrument of offensive or defensive combat. 40 Cyc. 852.

The particular kind of weapon that we have to deal with in this case is a deadly weapon ''of like kind or description'' to a sword, the statute not naming a razor, but setting forth ''any bowie knife, dirk knife, butcher knife, pistol, brass or metallic knuckles, slungshot, sword or other deadly weapons of like kind or description,'' no comma being, as your honor will note, following the word ''sword,'' therefore eliminating the other weapons enumerated in the statute in so far as pertains to the phrase, ''or other deadly weapon of like kind or description.''

Yet this is a minor point, of no vital importance to this case, and worthy of only passing notice, for grant-

ing that the qualifying phrase, ''or other deadly weapon of like kind or description'' related to every weapon enumerated in the statute, a razor would still be eliminated, as it bears no more resemblance to one than to the other.

The question again arises: ''Is a razor a deadly weapon,—a deadly weapon of like kind or description to a sword, or even to any of the weapons specified.''

We have seen what definitions the courts have given to the word ''weapon,'' now let us see what definition they have given to the word ''razor.''

We see from 33 Cyc. 1537, that a razor is ''an instrument or implement pertaining to the toilet or shop, having a well known and specific use to which it is ordinarily applied.''

Obviously a razor is not a ''deadly weapon of like kind or description to a sword, or to any of the other deadly weapons described, and, therefore, does not come under the statute. Obviously a razor is not a deadly weapon the carrying of which concealed is prohibited.

The intention and meaning of the statute, unmistakably, is the carrying of a weapon *eo nomine,* and concealed. It must be a dangerous and deadly weapon *per se,* and to bring the accused within its provisions the affidavit must charge that he carried concealed a weapon of the particular description enumerated in the statute, or ''other deadly weapon of like kind or description.''

While counsel for state may so argue, there is no chance to confuse the instant case with the rule laid down by this court in the cases of *State* v. *Sims,* 31 So. 907 and *Spradley* v. *State,* 31 So. 534, holding in part, ''an indictment for assault with a deadly weapon, 'to-wit, a brick' is not insufficient because a brick is not mentioned in Code 1892, sec. 1062, making it an offense to carry concealed deadly weapons, it being for the jury to determine on the proof, whether the weapon is deadly.'' *Sims case, supra.*

The late Judge TERRALL, the organ of the court, in his learned discussion of that case said: ''The writer has known an old and feeble woman to be convicted of manslaughter by striking with a penknife a strong and vigorous man, who was dragging her from his field, because the penknife accidentally penetrated a vital part of his body.'' Yet he did not say, nor could he say, that the carrying concealed of a penknife was in violation of the section making it an offense to carry concealed certain weapons.

We know that in a prosecution for assault and battery under section 1043 of the Code, or in a prosecution for manslaughter or murder, it is for the jury to determine, on the proof, whether the weapon is deadly, the language being, ''with any weapon or other means of force likely to produce death'' and had this defendant assaulted any person with a razor, other than a safety razor, we would not now be here making this contention.

Thus can we dismiss what the courts have said concerning deadly weapons in prosecutions for assault and battery, manslaughter or murder, as the statute upon which this conviction was had is a statute abridging the constitutional rights of persons to bear arms and must like other such statutes be strictly construed, while nowhere does the constitution or laws give a right to assault, kill or maim, save only in defense of life, limb or property, and too, on the other hand these offenses were indictable at common law.

The recent decision of this court as rendered by Justice REED in the case of *Ware* v. *State,* 59 So. 854, holding in effect that ''the controlling purpose in construing legislative acts is to get at the intent and purpose of the legislature''—''even to the extent of correcting errors in the language in which they are couched,'' settles in part if not in whole the principles of this cause, our contention being that the legislature in the enactment of section 1103 of the Code of 1906, making penal the car-

rying of certain deadly weapons concealed, unmistakably designed to suppress the vicious habit of one going around and being ready for offense or defense in case of conflict with another   (40 Cyc. 854, 111A.) and for no other purpose.   We claim for our contention that it is not a technical one, and we believe the state will concede us this.

Yet the *Ware case, supra,* cannot be confused with the instant case in that it holds that a pocket knife is a "deadly weapon" within Code 1906, section 1110, providing that any person, having or carrying any dirk, dirk knife, sword cane, or any deadly weapon, or other weapon the carrying of which concealed is prohibited, shall in the presence of three or more persons exhibit the same, etc., shall on conviction, etc.   This, too, being an offense indictable at common law (40 Cyc. 853) and the same rule must necessarily obtain as in the case of assault and battery, murder or manslaughter.

Above and beyond this the statute uses the unqualified expression, "or any deadly weapon," meaning any weapon by which death can be caused.   Section 1103 contains no such language as "any deadly weapon," and the two sections together make plain the legislative intent to distinguish between "deadly weapons" and weapons "the carrying of which concealed is prohibited." *Louisiana* v. *Boll Nelson,* 38 La. Ann. 942, 58 Am. Rep. 202; *State* v. *Nelson,* 38 La. Ann. 942; *Strahan* v. *State,* 68 Miss. 347, 8 So. 844; Joyce on Indictments, sec. 280, p. 303.

*Frank Johnston,* assistant attorney-general, for the state.

I have carefully examined the record in this case on the law and the facts, and decline to submit an argument in the case.

REED, J., delivered the opinion of the court.

Junius Brown, a boy about thirteen years old, was charged with unlawfully carrying concealed "a certain deadly weapon, to wit, a razor." Upon the trial of the case in the circuit court on appeal from the justice of the peace court, where the charge was made, a demurrer to the affidavit was filed, on the ground that "a razor is not such a deadly weapon as is contemplated by section 1103, Code of 1906." This demurrer was overruled. For the same reason, the appellant moved the court to exclude the evidence and give peremptory instruction for the defendant, after the testimony was all introduced. From conviction, appellant appeals, and assigns as error the action of the trial court in refusing to sustain the demurrer and to grant the peremptory instruction.

Section 1103 of the Code of 1906 provides that "any person who carries concealed, in whole or in part, any bowie knife, dirk knife, butcher knife, pistol, brass or metallic knuckles, slungshot, sword or other deadly weapon of like kind or description, shall be guilty of a misdemeanor."

Is a razor a deadly weapon, in the meaning of the statute? It will be noted that the statute names certain weapons, and then includes "other deadly weapons of like kind or description."

A razor is defined in the Century Dictionary to be "a sharp-edged instrument used for shaving the face." In 23 Amer. & Eng. Ency. of Law (2 Ed.), 891, this definition is given: "A razor is a sharp instrument or tool used for shaving purposes." We take the following definition from 33 Cyc. 1537: "A razor is a sharp instrument or implement pertaining to the toilet or shop, having a well-known and specific use, to which it is ordinarily applied." In State v. Nelson, 38 La. Ann. 942, 58 Am. Rep. 202, it is said: "A razor is an instrument or implement appertaining to the toilet or shop. It has a well-known and specific use, to which it is ordinarily applied.

It is not known or usually sold in the market as a weapon."

It was settled in *State* v. *Nelson, supra,* that a razor is not a "dangerous" weapon within the statute in Louisiana, which declares that "whoever shall carry any weapon or weapons concealed in or about his person, such as bowie knives, pistols, dirks or any other dangerous weapons, shall, on conviction," etc. It will be noted that the Louisiana statute is similar to that in this state. We think it is broader in its inclusions. The statute in this state, after naming certain weapons, says "other deadly weapons of like kind or description." In Louisiana the statute says "or any other dangerous weapons." Referring to the razor as such a weapon, WATKINS, J., delivering the opinion of the court, said: "It may be quite as easily and conveniently carried in the pocket as a penknife, and when thus carried is effectually concealed from public open view. Under such circumstances the concealment of one would be just as pernicious as the other." Defining the difference between a razor as a dangerous weapon when used in a combat or assault, and instruments which are made to be used in fights, and which are ordinarily called arms or weapons, Judge WATKINS said: "The lawmaker, in our view, . . . only denounced as a crime the carrying concealed dangerous weapons *eo nomine,* and not such articles or instruments as might be used in an assault."

It was decided in the case of *State* v. *Iannucci,* 4 Pennewill (Del.) 193, 55 Atl. 336, that a razor is a deadly weapon within the meaning and conception of the statute of Delaware on the subject. We find, however, that the Delaware statute is quite different from that in this state. It provides that, "if any person shall carry concealed a deadly weapon upon or about his person other than an ordinary pocket knife, . . . shall upon conviction," etc. It will be seen that no weapons are specifically named in this statute, and that there is no limi-

tation whatever as to the kind of instruments which are included as deadly weapons.

In deciding the case of *State* v. *Larkin,* 24 Mo. App. 410, the court indicates that, if a razor is carried as a weapon of offense, it might be termed a deadly weapon concealed. On the other hand, the court clearly states that it is not to be ordinarily denominated such weapon. In delivering the opinion of the court, ROMBAUER, J., said: "A razor is an article of common domestic use, and while no one could be held guilty of the offense of carrying a dangerous and deadly weapon concealed about his person, simply because he so carried a razor, yet, if surrounding circumstances would tend to show that he carried it as a weapon of offense, he might become liable to the charge, because a razor, when thus used, is notoriously a weapon dangerous to life."

The only testimony in the present case showing why appellant had the razor concealed on his person when the officer found it is his own statement, as follows: "My aunt give me that razor to have sharpened. She uses it to cut her corns with. I had it in my pocket." Though a razor is an article of ordinary domestic use, still it is well known that it can be used with deadly effect. This can also be said of an ordinary pocket knife, or other articles or instruments which are not classed as weapons. In some sections of the land it may be the habit or custom of a certain class of persons to carry a razor concealed for the purpose of using it in combat. The time may come when it will be so generally used as an instrument in combat as to cause the legislature to include it in the names of deadly weapons, which shall not be carried concealed. But we cannot decide that it is so included now.

We are construing the statute. The purpose thereof is to prevent the carrying concealed weapons; that is, instruments used in fights, or arms. Certain of the instruments well known to be weapons are named, and then it includes "other deadly weapons of like kind or descrip-

tion.'' We do not believe that we can list the razor in the class of instruments defined to be weapons of like kind and description to those designated in the statute.
*Reversed, and defendant discharged.*