## STATE vs. ANTONIO MENGE.

WEAPONS—CONCEALED WEAPONS—STATUTES—DEFENSES.

Under Act. Gen. Assem. March 14, 1911 (26 *Del. Laws, c.* 275), which substantially re-enacted Act Gen. Assem. April 8, 1881 (16 *Del. Laws, c.* 548), making it a crime for any person to carry concealed upon or about his person a deadly weapon other than an ordinary pocket knife, and imposes a more stringent penalty, allows peace officers to search any person suspected of carrying a deadly weapon, but provides for obtaining permission from the court, it is no defense to a prosecution for carrying concealed a revolver that accused was carrying same for the lawful purpose of returning it to his home; it having been borrowed and returned to him while he was on the street.

(*March* 16, 1916.)

Judges BOYCE and CONRAD sitting.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

*Philip L. Garrett*, for defendant.

Court of General Sessions, New Castle County, March Term, 1916.

INFORMATION on appeal from Municipal Court, on charge of carrying concealed a deadly weapon, No. 70, January Term, 1916.

Antonio Menge is charged on information filed in this court with carrying concealed a deadly weapon. Verdict of guilty.

The evidence introduced in defense, against objection, but subject to be stricken out on motion at the close of the testimony, was to the effect that the accused was the owner of a revolver, and that he lent it to a friend, who was going to Pennsgrove, a few days before he was arrested. Two nights thereafter, the friend returned the revolver to the accused, on one of the public streets in Wilmington; and that the latter put it in his pocket, intending to take it to his home very soon, but he was arrested about twenty minutes thereafter, while yet being on the street and before going home. The contention was that the accused was carrying the revolver for a temporary lawful purpose.

On motion, the evidence was stricken out for the reason assigned by the court in the opinion.

CONRAD, J., delivering the opinion of the court.

The last General Assembly of this state (28 *Del. Laws*, *c*. 244) re-enacted substantially the act passed in 1881, which made it a crime for a person to carry concealed upon or about his person a deadly weapon other than an ordinary pocket knife. The punishment for the offense was materially increased by the new act, and the act also contains this further and unusual provision, as follows:

"Any peace officer of the state or of any municipality or of the United States stationed in this state shall have the right to make a search of any person who is suspected of having concealed upon his or her person a deadly weapon."

The Assembly of 1911 provided a way in which persons who desired to carry weapons for their defense, or for other lawful purposes, might be licensed by the court so to do.

These enactments show conclusively the growth of public sentiment against this dangerous habit.

The act of 1881 was interpreted by the court in an opinion delivered by Judge Grubb, in *State v. Costen*, 1 *Penn*. 19, 39 *Atl*. 456, in the year 1897, where the party charged claimed that the weapon found on him had just been purchased by him and he was carrying it home, and this, he claimed, was a lawful purpose. The court upheld the view that a defendant might show that the weapon was carried for a lawful purpose.

Later, in 1903, in *State v. Iannucci*, 4 *Penn*. 193, 55 *Atl*. 336, the court showed a tendency to narrow rather than widen the meaning of the words "lawful purpose," but cited instances of what might be a temporary, lawful purpose that would excuse or relieve an accused person from the effect of the law.

In Kent County, in 1912, in *State v. Ingram*, 3 *Boyce* (26 *Del*.) 439, 84 *Atl*. 1027, after the passage of the act providing for the licensing of persons desiring to carry weapons, the party indicted sought to show by evidence that the weapon which he admitted he was carrying concealed, was being carried by him to defend himself from a threatened assault. Chief Justice Pennewill, in refusing to allow evidence to this effect to be introduced, in speaking of the law as amended in 1911, says:

"The very purpose of this act (26 *Del. Laws,* 739) was to make it lawful for a person to carry deadly weapons concealed, by making application to the court for that purpose, and the clear implication is that it shall be unlawful unless authority is obtained pursuant to the provisions of the act. To hold otherwise would be to aid and encourage the very common and dangerous practice of carrying concealed deadly weapons, and permit any one to indulge in such practice who is willing to swear that he did it for self-defense."

The legislative intent is clear that deadly weapons are not to be carried concealed without the license of the court obtained in the manner that the law provides. A person carrying a weapon concealed, without having obtained such a license, does so at his own peril and must assume the consequences of his act. The court would be undoing what the General Assembly has enacted in unmistakable terms, if it should allow a person charged to show matters of self-defense or temporary purpose. It would defeat the plain intent of the law and render it practically worthless.

The offense of carrying concealed a deadly weapon, under the present statutes, comes under that class of offenses recognized by the law, where the act itself, and not the intent with which it is committed, is the real gist of the offense. The law prohibits the carrying of a concealed deadly weapon, and, whether carried for a lawful or an unlawful purpose, for a temporary or permanent use, is immaterial, and does not enter into the charge. The real point is, was the weapon carried? If so, that completes the offense, and to exonerate the offender he must show that he was licensed to carry it by proper authority. No other defense can avail, under the statutes as they are.

The motion of the Deputy Attorney General to strike out the testimony admitted, showing that the accused was carrying the weapon for a temporary purpose, is, therefore, allowed, and it is ordered stricken from the record.

There being no further testimony the court charged the jury.

CONRAD, J., charging the jury:

From what the court has just said in your presence, you can understand that the issue is narrowed down to a very small one.

This defendant is charged with carrying concealed a deadly weapon other than an ordinary pocket knife, and the sole question for you to determine is whether the evidence establishes that fact.

For what purpose he carried it is not before you. We have ruled out all that evidence as being immaterial.

The real question before you is whether the evidence establishes the fact that he carried concealed a deadly weapon.

                                        Verdict, guilty.