·39 So.2d 164

## STATE v. DAVIS.

### No. 39196.

Feb. 14, 1949.

C. A. Blanchard, of Donaldsonville, for defendant and appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Aubert L. Talbot, Dist. Atty., of Napoleonville, and Geo. R. Blum, Asst. Dist. Atty., of Donaldsonville, for plaintiff and appellee.

FOURNET, Justice.

The relator, Manuel Davis, having been charged in a Bill of Information with illegally carrying a weapon in that he "did wilfully and unlawfully and intentionally conceal on or about his person a dangerous weapon—to-wit a large knife," moved to have this information quashed before going to trial, contending it is fatally defective because a knife is not made a dangerous weapon per se under the statute and the knife in the information is not described as "one customarily used as a dangerous weapon."

The illegal carrying of a weapon as pertinent here is defined in Section 1 of Article 95 of the Criminal Code to be "The intentional concealment of any firearm, or other instrumentality customarily used as a dangerous weapon, on one's person". It will be noted that the gravamen of the offense is the concealment on one's person of an instrumentality customarily used as a dangerous weapon, and not the carrying of an instrument which might be so used.

In order to insure that an accused will secure the protection guaranteed in the Bill of Rights that he will be informed in writing of the nature and cause of the accusation against him, the legislature, in adopting Article 227 of the Code of Criminal Procedure, provided that "The indictment (or information) must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used." (Brackets ours.)

It is obvious the information in the instant case not only fails to state any fact or circumstance necessary to constitute the offense, but, also, fails to use any words that convey the same meaning. It is, therefore, in our opinion, fatally defective. State v. Nelson, 38 La.Ann. 942, 58 Am.Rep. 202; State v. Pellerin, 118 La. 547, 43 So. 159; State v. Garon, 158 La. 1014, 105 So. 47; and State v. Varnado, 208 La. 319, 23 So.2d 106.

In the Nelson case the accused was charged with carrying a razor under Section 932 of the Revised Statutes which penalized anyone who carried any "weapon or weapons concealed on or about his person, such as pistols, bowieknives, dirks, or any other dangerous weapon". In sustaining the motion to quash the indictment in that case the court declared that " * * * the meaning of the statute, unmistakably, is the carrying of a weapon eo nomine, and

concealed. It must be a dangerous weapon per se—such as a bowie-knife, pistol, or dirk; and this must affirmatively appear upon the face of the indictment itself," concluding that a razor, the instrument named in the indictment, "is an instrument or implement appertaining to the toilet, or shop. It has a well-known and specific use to which it is ordinarily applied. It is not known, or usually sold in market as a weapon. It may be quite as easily and conveniently carried in the pocket as a pen-knife, and when thus carried is effectually concealed from public open view. Under such circumstances the concealment of one would be just as pernicious as the other."

Counsel for the state contend the information in this case is legal since it was drawn under Article 235 of the Code of Criminal Procedure, as amended by Act No. 147 of 1942, wherein it is provided that an accused may be charged by simply giving the article number and the name of the offense committed in all crimes wherein the short form of the indictment and information has not been specifically set out. This contention is without merit for, even conceding without deciding that such an information is legal, the information in this case does not fall into such a category; it not only fails to charge the defendant by using the name of the offense sought to be charged, i. e., the illegal carrying of weapons, but it also fails to give the number of the article of the Criminal Code denouncing that particular offense.

For the reasons assigned the conviction and sentence of the relator, Manuel Davis, is annulled and set aside and it is now ordered, adjudged, and decreed that the information be quashed and the accused discharged.

O'NIELL, C. J., takes no part.