5 So.3d 923 (2009)
STATE of Louisiana in the Interest of D.J. c/w State of Louisiana in the Interest of R.N.
Nos. 2008-CA-0786, 2008-CA-0981.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 2009.
*924 Keva Landrum-Johnson, District Attorney, Robert L. Freeman, Jr., District Attorney, Natasha Jack, Assistant District Attorney, New Orleans, LA, for Appellant.
John Adcock, Juvenile Regional Services, New Orleans, LA, for D.J.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
MICHAEL E. KIRBY, Judge.
On our own motion, we consolidate these two juvenile matters because they involve the same legal issue. In both cases, the State of Louisiana appeals trial court judgments granting motions to quash filed by the defendants. We affirm for reasons that follow.

Procedural History for defendant, D.J.
On April 13, 2008, the State filed a delinquency petition in Juvenile Court charging D.J. with two counts of illegal carrying of weapons, violations of La. R.S. 14:95, and one count of resisting an officer, a violation of La. R.S. 14:108. On May 13, 2008, the State filed an amended petition, changing the two counts of illegal carrying of weapons to two counts of illegal possession of a handgun by a juvenile, in violation of La. R.S. 14:95.8. D.J. filed a motion to quash the two counts of La. R.S. 14:95.8, arguing that these offenses cannot be the basis of a delinquency petition. The trial court granted the motion to quash, and the State appealed.

Procedural History for defendant, R.N.
On June 27, 2008, the State filed a petition against R.N. asserting two counts: illegal possession of a handgun by a juvenile, La. R.S. 14:95.8, and resisting an officer, La. R.S. 14:108. On June 30, 2008, R.N. appeared for a pretrial conference and entered a denial of the charges. On that same date, R.N. filed a motion to quash the first count, illegal possession of a handgun by a juvenile in violation of La. R.S. 14:95.8. R.N. argued that La. R.S. 14:95.8 is not a charge that meets the definition of a delinquent act under La. Ch.C. art. 804(3). Agreeing with R.N., the juvenile court granted the motion to quash. From this judgment, the State appealed.
In granting D.J.'s motion to quash, the trial court stated:
I'm going to grant your motion to quash. I note the State's objection. I'm granting the motion to quash on the basis that 14:95.8 does not qualify as a charge for which a matter may be proceeded against for delinquency in that the statute, in the first sentence says, "It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person." And the Children's Code defines a delinquent act as that which, if *925 committed by an adult, delinquent act under Article 804(3) means, "An act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state." As no adult can be charged with 95.8 I'm going to grant the motion to quash. I'll dismiss it without prejudice. Obviously, the State is still within the time to re-file an alternative charge.
In granting R.N.'s motion to quash, the trial court stated:
The specific action proscribed by R.S. 14:95.8 is the knowing possession of a handgun by a person who has not attained seventeen years. Thus, a person who has attained seventeen years, i.e., an adult, cannot be charged with violating this statute.
The definition of a delinquent act precludes the state from prosecuting a juvenile via a delinquency petition with any charge that would not be an offense under Louisiana's criminal statutes if committed by an adult.
By its plain words, R.S. 14:95.8 only applies to persons under the age of seventeen. It does not establish an offense under the criminal statutes of Louisiana for which an adult can be prosecuted. Therefore, R.S. 14:95.8 cannot form the basis for a delinquency charge pursuant to Ch.C. Art. 804(3).
The State appealed in both cases, arguing that the trial court erred by granting motions to quash based on La. R.S. 14:95.8, illegal possession of a handgun by a juvenile, not being an act that can be pursued in juvenile court as a delinquent act. La. R.S. 14:95.8 states, in pertinent part, "It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person." La. Children's Code article 804.3, in pertinent part, defines a "delinquent act" as "an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state."
The State's position is that La. R.S. 14:95.8 is a subpart of La. R.S. 14:95, illegal carrying of weapons, and therefore, La. R.S. 14:95 is the "adult charge," which allows violations of La. R.S. 14:95.8 to be adjudicated in delinquency proceedings. In further support of its argument that a charge of a violation of La. R.S. 14:95.8 can be adjudicated as a delinquent matter in Juvenile Court, the State notes that statutes are presumed constitutional, and La. R.S. 14:95.8 has not been declared unconstitutional.
La. R.S. 14:95(A) lists five circumstances meeting the definition of illegal carrying of a weapon. The circumstance applicable to this case is set forth in La. R.S. 14:95(A)(1), which includes in the definition of illegal carrying of a weapon "[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person." In a case involving the nearly identically worded predecessor of the current La. R.S. 14:95(A)(1), the Louisiana Supreme Court stated in State v. Davis, 214 La. 885, 39 So.2d 164 (1949), "It will be noted that the gravamen of the offense is the concealment on one's person of an instrumentality customarily used as a dangerous weapon, and not the carrying[1] of an instrument *926 which might be so used." Id. At 214 La. 885, 39 So.2d 164-165. (Emphasis ours.)
We find that there is a major distinction between the adult offense condemned by La. R.S. 14:95(A)(1), carrying a concealed weapon, and the offense sub judice, La. R.S. 14:95.8, which condemns merely the knowing possession of a handgun by a person under seventeen. Specifically, under the "adult" statute, carrying and possession are allowed as long as the weapon is not concealed, while under the "juvenile" statute, any possession is outlawed, whether concealed or not.
We do not find that the other four circumstances listed in La. R.S. 14:95(A) apply in either case before us. La. R.S. 14:95(A)(2) pertains only to ownership, possession, custody or use of a firearm by an enemy alien. La. R.S. 14:95(A)(3) deals with explosives and burglar tools. La. R.S. 14:95(A)(4) deals with knives and blades. La. R.S. 14:95(A)(5) involves the use of dangerous weapons on school grounds. There is no indication in the records before us that any of the circumstances listed in La. R.S. 14:95(A)(2) through (5) were present in either of these consolidated cases.
Thus, we conclude that none of the operative provisions of La. R.S. 14:95(A) condemn what is prohibited by La. R.S. 14:95.8(A), i.e. the mere knowing possession of a handgun, concealed or unconcealed, on someone's person. We find that the trial court correctly found that because an adult cannot be charged with a violation of La. R.S. 14:95.8, a delinquency proceeding in Juvenile Court cannot be based on a violation of that statute.[2] We further note that criminal statutes are construed stricti juris, with ambiguities resolved in favor of the accused. State v. Shreveport News Agency, Inc., 287 So.2d 464 (La.1973).
For the reasons stated above, we affirm the trial court's granting of the motions to quash filed by D.J. and R.N.
AFFIRMED.
MURRAY, J., concurs with reasons.
MURRAY, J., concurs with reasons.
I agree with the majority opinion and the juvenile court judge that a juvenile cannot be declared delinquent for violation of La. R.S. 14:95.8 because that statute criminalizes the mere intentional possession of a handgun by a juvenile. Because an adult generally cannot be charged with the mere intentional possession of a handgun, this conduct does not fit the parameters of the statutory definition of delinquency set forth in La. Ch. C. art. 804(3).[1] Article 804(3) defines a "delinquent act" to mean "an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state."
It is within the Legislature's prerogative to establish that it is illegal for a person under the age of seventeen to possess a handgun. Not allowing a person under *927 the age of seventeen to possess a handgun serves a legitimate governmental interest. By creating an exception for circumstances in which that interest is not implicated, such as those recognized in La. R.S. 14:95.8(C), the Legislature has acted in the least restrictive manner. The statute, therefore, is not unconstitutional. However, the Legislature has failed to provide any consequences for the violation of La. R.S. 14:95.8 other than a "family in need of services" (FINS) adjudication under La. Ch. C. art. 730. Two of the grounds for a FINS adjudication apply to the delinquency cases at issue in these appeals:
(5) That a child has committed an offense applicable only to children.
(10) That a child is found in possession of a handgun or semiautomatic handgun under circumstances that reasonably tend to exclude any lawful purpose.
La. Ch. C. art. 730. See State ex rel. S.D., 01-670, p. 3 (La.App. 5th Cir.1/29/02), 807 So.2d 1138, 1148 (Daley, J., concurring)(pointing out that "[t]he Juvenile Judge has the option, in the context of delinquency proceeding, of adjudicating the family to be in need of services, so long as the adjudication is warranted under LSA-Ch.C. art. 730.")
Given the current definition of delinquency, I agree with the result reached by the majority in these consolidated cases. A different result would require the Legislature to carve out an exception to the definition of delinquency or to criminalize the possession of a handgun by an adult. As counsel of D.J. points out, the Legislature could "change La. R.S. 14:95.8 so that it falls under a juvenile court's delinquency jurisdiction." For these reasons, I concur.
NOTES
[1] The terms "carrying" and "possession" are not defined in the statutes at issue. We are not satisfied that they are synonymous in the contexts used. "Carrying" connotes a movement while supporting something, or transportation. See Webster's Ninth New Collegiate Dictionary. "Possession," on the other hand, refers to the act of having or taking something into control. Id. See also State v. Trahan, 425 So.2d 1222 (La. 1983), (dealing with possession of drugs), and State v. Mercadel, 503 So.2d 608 (La.App. 4 Cir.1987), (dealing with illegal possession of stolen things.)
[2] The constitutionality of La. R.S. 14:95.8 is not before this Court in either of these cases.
[1] Under certain circumstances an adult can be charged with mere possession of a handgun. See La. R.S. 14:95.1 (possession of a firearm by a felon); La. R.S. 14:95.2 (possession of a firearm on school property or in a firearm-free zone); La. R.S. 14:95.5 (possession of a firearm on premises of alcoholic beverage outlet); La. R.S. 14:95.7 (possession of a firearm with obliterated serial number). An area of overlap thus exists between the conduct criminalized under La. R.S. 14:95.8 and the conduct for which an adult can be charged. There is no evidence in the record that either of these two consolidated cases falls within that area of overlap.