MICHAEL E. KIRBY, Judge.
hOn our own motion, we consolidate these two juvenile matters because they involve the same legal issue. In both cases, the State of Louisiana appeals trial court judgments granting motions to quash filed by the defendants. We affirm for reasons that follow.

Procedural History for defendant, D.J.

On April 13, 2008, the State filed a delinquency petition in Juvenile Court charging D.J. with two counts of illegal carrying of weapons, violations of La. R.S. 14:95, and one count of resisting an officer, a violation of La. R.S. 14:108. On May 13, 2008, the State filed an amended petition, changing the two counts of illegal carrying of weapons to two counts of illegal possession of a handgun by a juvenile, in violation of La. R.S. 14:95.8. D.J. filed a motion to quash the two counts of La. R.S. 14:95.8, arguing that these offenses cannot be the basis of a delinquency petition. The trial court granted the motion to quash, and the State appealed.

_[aProcedural History for defendant, R.N.

On June 27, 2008, the State filed a petition against R.N. asserting two counts: illegal possession of a handgun by a juvenile, La. R.S. 14:95.8, and resisting an officer, La. R.S. 14:108. On June 30, 2008, R.N. appeared for a pretrial conference and entered a denial of the charges. On that same date, R.N. filed a motion to quash the first count, illegal possession of a handgun by a juvenile in violation of La. R.S. 14:95.8. R.N. argued that La. R.S. 14:95.8 is not a charge that meets the definition of a delinquent act under La. Ch.C. art. 804(3). Agreeing with R.N., the juvenile court granted the motion to quash. From this judgment, the State appealed.
In granting D.J.’s motion to quash, the trial court stated:
I’m going to grant your motion to quash. I note the State’s objection. I’m granting the motion to quash on the basis that 14:95.8 does not qualify as a charge for which a matter may be proceeded against for delinquency in that the statute, in the first sentence says, “It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person.” And the Children’s Code defines a delinquent act as that which, if *925 committed by an adult, delinquent act under Article 804(3) means, “An act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state.” As no adult can be charged with 95.8 I’m going to grant the motion to quash. I’ll dismiss it without prejudice. Obviously, the State is still within the time to re-file an alternative charge.
lain granting R.N.’s motion to quash, the trial court stated:
The specific action proscribed by R.S. 14:95.8 is the knowing possession of a handgun by a person who has not attained seventeen years. Thus, a person who has attained seventeen years, i.e., an adult, cannot be charged with violating this statute.
The definition of a delinquent act precludes the state from prosecuting a juvenile via a delinquency petition with any charge that would not be an offense under Louisiana’s criminal statutes if committed by an adult.
By its plain words, R.S. 14:95.8 only applies to persons under the age of seventeen. It does not establish an offense under the criminal statutes of Louisiana for which an adult can be prosecuted. Therefore, R.S. 14:95.8 cannot form the basis for a delinquency charge pursuant to Ch.C. Art. 804(3).
The State appealed in both cases, arguing that the trial court erred by granting motions to quash based on La. R.S. 14:95.8, illegal possession of a handgun by a juvenile, not being an act that can be pursued in juvenile court as a delinquent act. La. R.S. 14:95.8 states, in pertinent part, “It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person.” La. Children’s Code article 804.3, in pertinent part, defines a “delinquent act” as “an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state.”
The State’s position is that La. R.S. 14:95.8 is a subpart of La. R.S. 14:95, illegal carrying of weapons, and therefore, La. R.S. 14:95 is the “adult charge,” which allows violations of La. R.S. 14:95.8 to be adjudicated in delinquency proceedings. In further support of its argument that a charge of a violation of |,tLa. R.S. 14:95.8 can be adjudicated as a delinquent matter in Juvenile Court, the State notes that statutes are presumed constitutional, and La. R.S. 14:95.8 • has not been declared unconstitutional.
La. R.S. 14:95(A) lists five circumstances meeting the definition of illegal carrying of a weapon. The circumstance applicable to this case is set forth in La. R.S. 14:95(A)(1), which includes in the definition of illegal carrying of a weapon “[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person.” In a case involving the nearly identically worded predecessor of the current La. R.S. 14:95(A)(1), the Louisiana Supreme Court stated in State v. Davis, 214 La. 885, 39 So.2d 164 (1949), “It will be noted that the gravamen of the offense is the concealment on one’s person of an instrumentality customarily used as a dangerous weapon, and not the carrying[1] of an instrument *926 which might be so used.” Id. At 214 La. 885, 39 So.2d 164-165. (Emphasis ours.)
We find that there is a major distinction between the adult offense condemned by La. R.S. 14:95(A)(1), carrying a concealed weapon, and the offense sub judiee, La. R.S. 14:95.8, which condemns merely the knowing possession of a handgun by a person under seventeen. Specifically, under the “adult” statute, carrying and possession are allowed as long as the weapon is not concealed, while under the “juvenile” statute, any possession is outlawed, whether concealed or not.
|fiWe do not find that the other four circumstances listed in La. R.S. 14:95(A) apply in either case before us. La. R.S. 14:95(A)(2) pertains only to ownership, possession, custody or use of a firearm by an enemy alien. La. R.S. 14:95(A)(3) deals with explosives and burglar tools. La. R.S. 14:95(A)(4) deals with knives and blades. La. R.S. 14:95(A)(5) involves the use of dangerous weapons on school grounds. There is no indication in the records before us that any of the circumstances listed in La. R.S. 14:95(A)(2) through (5) were present in either of these consolidated cases.
Thus, we conclude that none of the operative provisions of La. R.S. 14:95(A) condemn what is prohibited by La. R.S. 14:95.8(A), i.e. the mere knowing possession of a handgun, concealed or unconcealed, on someone’s person. We find that the trial court correctly found that because an adult cannot be charged with a violation of La. R.S. 14:95.8, a delinquency proceeding in Juvenile Court cannot be based on a violation of that statute.[2] We further note that criminal statutes are construed stricti juris, with ambiguities resolved in favor of the accused. State v. Shreveport News Agency, Inc., 287 So.2d 464 (La.1973).
For the reasons stated above, we affirm the trial court’s granting of the motions to quash filed by D.J. and R.N.
AFFIRMED.
MURRAY, J., concurs with reasons.

. The terms “carrying” and "possession” are not defined in the statutes at issue. We are not satisfied that they are synonymous in the contexts used. “Carrying” connotes a movement while supporting something, or transportation. See Webster's Ninth New Collegiate Dictionary. "Possession,” on the other hand, refers to the act of having or taking something into control. Id. See also State v. Trahan, 425 So.2d 1222 (La.1983), (dealing with posses *926 sion of drugs), and State v. Mercadel, 503 So.2d 608 (La.App. 4 Cir.1987), (dealing with illegal possession of stolen things.)

. The constitutionality of La. R.S. 14:95.8 is not before this Court in either of these cases.