IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY HARDMAN, | § | |
| | § | No. 443, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2210007890(N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 14, 2024
Decided: August 21, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

On this 21st day of August 2024, it appears to the Court that:

(1)     Appellant Anthony Hardman was found guilty of carrying a concealed deadly weapon after a jury trial in the Superior Court.  He was sentenced to one year of Level V imprisonment suspended for one year of Level II probation.  On appeal, Hardman argues that the trial court violated his right to present a defense of choice of evils.  He also contends that presenting a redated version of his police interview to the jury violated D.R.E. 106.  We disagree and affirm.

(2)     On October 18, 2022, Corporal Jared Balan of the Delaware State Police stopped a vehicle driven by Hardman for suspicion of texting while driving.  Because Hardman displayed extreme nervousness during the stop, Corporal Balan

removed Hardman from the vehicle. Upon exiting the vehicle, Hardman disclosed voluntarily that he was carrying a firearm. Corporal Balan searched Hardman and uncovered a 9-millimeter handgun in a body wrap holster worn under Hardman's sweatshirt. Corporal Balan then searched Hardman's vehicle. There, he found marijuana and ammunition magazines. Hardman was arrested and taken to the police station.

(3)     During a post-arrest interview, Hardman waived his *Miranda* rights and told Corporal Balan that he worked as a food delivery driver and that he had been using his phone for directions. As for the gun under his sweatshirt, Hardman admitted that the firearm was registered to him, but he did not have a license to carry the firearm in a concealed manner. Despite not having a license, Hardman said that he carried the gun under his sweatshirt for safety reasons. Hardman's concerns were based on the locations of his deliveries, which took him to dangerous areas. Hardman also noted that he was homeless and living in his car.

(4)     The State indicted Hardman on charges of carrying a concealed deadly weapon ("CCDW"), possession of a firearm by a person prohibited, possession of marijuana, and driving a motor vehicle on any highway while using an electronic communication device. Before trial, the State filed a motion in limine to bar Hardman from arguing a choice-of-evils defense and to exclude any evidence related thereto, including Hardman's housing status, employment status, and his reasons for

2

carrying a concealed weapon. The Superior Court granted the motion.[1] The court held that a defendant cannot assert a choice-of-evils defense to a charge of CCDW.[2] The court found that "the statute is very specific in spelling out defenses to the charge of [CCDW]" and that the choice-of-evils defense was not among the permissible enumerated defenses.[3] According to the court, "[a]ny testimony tending to show the purpose of carrying a concealed deadly weapon is irrelevant and immaterial" and "[a]ny statements relating to a defense . . . not listed in the statute must be redacted."[4] For completeness, the court also noted that "no emergency situation exist[ed] in this case" that would have entitled Hardman to the choice-of-evils defense.[5]

(5) With the choice-of-evils defense unavailable, Hardman's case proceeded to a jury trial. During trial, the State introduced evidence of Hardman's inculpatory statements from his interview with Corporal Balan. In accordance with the court's decision on the motion in limine, Hardman's statements regarding his housing and employment, as well as his reasons for concealing the firearm, were redacted. The jury would later find Hardman guilty of CCDW, and not guilty of

---

[1] *See* Opening Br., Ex. A at 3 [hereinafter "*Super. Ct. Order*"].

[2] *Id.* at 2 (citing *State v. Ingram*, 84 A. 1027 (Ct. Gen. Sess. 1912)).

[3] *Super. Ct. Order* at 2.

[4] *Id.*

[5] *Id.* at 3.

driving a motor vehicle on any highway while using an electronic communication device.[6]

(6) On appeal, Hardman argues that trial court violated his Fifth and Sixth Amendment rights to testify and present a defense because, in his view, the choice-of-evils defense is available to those charged with CCDW and there was credible evidence to support it. Hardman also argues that letting the State play his police interview while redacting the portions related to his housing and employment status violated D.R.E. 106. We address each argument in turn.

(7) First, the choice-of-evils defense was not available to Hardman as a matter of law, and the court's decision granting the State's motion in limine therefore did not violate Hardman's rights. We review claims of constitutional error and questions of law *de novo*.[7] Under the Fifth and Sixth Amendments, criminal defendants have the right to testify and to present a defense.[8] But these rights are not absolute.[9] We have held that trial judges may, consistent with the Fifth and Sixth

---

[6] The State entered a *nolle prosequi* on the charges of possession of a firearm by a person prohibited and possession of marijuana.

[7] *Panuski v. State*, 41 A.3d 416, 419 (Del. 2012) (citing *Zebroski v. State*, 12 A.3d 1115, 1119 (Del. 2010)).

[8] *See Rock v. Arkansas*, 483 U.S. 44, 52 (1987); *Crane v. Kentucky*, 476 U.S. 683, 687 (1986) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)).

[9] *Williams v. State*, 86 A.3d 1119, 2014 WL 708445, at *2 (Del. Feb. 19, 2014) (ORDER) (citing *United States v. Scheffer*, 523 U.S. 303, 308 (1998)); *see also Rock*, 483 U.S. at 55 ("Of course, the right to present relevant testimony is not without limitation. The right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'") (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)).

Amendments, foreclose the presentation of a justification defense where "it is apparent that the defendant's proffered evidence is inadequate to support the defense" or it is otherwise unavailable to them as a matter of law.[10]

(8) Here, Hardman is correct that defendants charged with CCDW under 11 *Del. C.* § 1442 are not *per se* foreclosed from asserting the choice-of-evils defense.[11] Nevertheless, the defense was not available to him because his evidence was inadequate as a matter of law. The choice-of-evils defense is appropriate when the defendant's otherwise criminal conduct was objectively "necessary as an emergency measure to avoid an imminent public or private injury which is about to occur . . . through no fault of the defendant."[12] An emergency measure is one taken in response to an unexpected situation.[13] An imminent harm is one that will occur in "close proximity to the time of the possession of the weapon."[14] "Arming oneself in anticipation that a confrontation may occur in the future" meets neither of these requirements because the danger is both speculative and remote.[15] Hardman's evidence—that he carried a concealed weapon because he believed he may be

---

[10] *Williams*, 2014 WL 708445, at *2–3 (citing *Johnson v. State*, 379 A.2d 1129, 1132 (Del. 1977)).

[11] *See State v. Ramos*, 2013 WL 4718104, at *2–4 (Del. Super. Aug. 22, 2013).

[12] 11 *Del. C.* § 463; *see also Moye v. State*, 988 A.2d 937, 2010 WL 376872, at *2 (Del. Jan. 20, 2010) (ORDER).

[13] *Ramos*, 2013 WL 4718104, at *4.

[14] *Id.*

[15] *Id.*

attacked sometime in the future while delivering food in a dangerous neighborhood—is simply not enough. Accordingly, the Superior Court's pre-trial foreclosure of Hardman's desired choice-of-evils defense did not violate his constitutional rights.

(9) Turning to Hardman's second argument, we hold that the State's presentation of a redacted version of his police interview, excluding portions related to Hardman's housing and employment status, did not violate D.R.E. 106. This Court reviews evidentiary rulings for abuse of discretion.[16] D.R.E. 106 states that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."[17] The admission of another part of a recorded statement will not be considered fair where its probative value is outweighed by the potential for prejudice.[18]

(10). Here, fairness would not require the admission of Hardman's recorded statements to police discussing his homelessness and nature of employment. This evidence is probative only of Hardman's desired choice-of-evils defense. Because

---

[16] *Williams*, 2014 WL 708445, at *2 (citing *Coles v. State*, 959 A.2d 18, 24 (Del. 2008)).

[17] D.R.E. 106.

[18] *See Williamson v. State*, 707 A.2d 350, 361 (Del. 1998) (citing D.R.E. 403).

Hardman had no right to such a defense as a matter of law, the redacted parts of his interview are irrelevant and have no probative value. The potential prejudice to the State due to jury sympathy was relatively high. Accordingly, the Superior Court did not violate D.R.E. 106 by excluding portions of Hardman's police interview.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice