(76 South. 849)

No. 22731.

STATE v. GUIDRY.

In re GUIDRY.

(Oct. 29, 1917.)

*(Syllabus by Editorial Staff.)*

FISH ⬡⇒15—CRIMINAL PROSECUTIONS—PRESUMPTIONS—RIGHT TO REBUT.

Under Act No. 54 of 1914, § 18, making it unlawful to knowingly or willfully take oysters bedded or planted by a lessee under that act, one accused of a violation thereof was entitled to show that the place from which he took the oysters was a natural oyster reef, as the presumption, after the expiration of the time allowed for contest, that leased ground is not a natural oyster reef, is open to rebuttal.

Armand Guidry was convicted of an offense, and he brings certiorari. Judgment set aside, and case ordered retried.

Beattie & Beattie, of Thibodaux, and Harris Gagne, of Houma, for relator. J. A. O. Coignet, Dist. Atty., of Thibodaux, and Robert B. Butler, of Houma, amici curiæ.

PROVOSTY, J. The accused is prosecuted under section 18 of Act 54, p. 126, of 1914, which makes it "unlawful for any person to knowingly or willfully take oysters, shells, or cultch, bedded or planted by a lessee under this act."

A first conviction was set aside by this court in April last (No. 22346, 142 La. 422, 76 South. 843), where a full statement of the case is made.

The case is now here on writs of certiorari and prohibition, and is restricted to the question of the admissibility of the evidence offered by accused to show that the place where he took the oysters was a natural oyster reef.

The evidence was relevant, for in the case of State v. Authement, 139 La. 1070, 72 South. 739, reaffirmed in the present case when here before, this court held that, for making out a case under said statute, it did not suffice for the prosecution to show that the oysters had been taken from leased grounds, but that the fact of their having been planted or bedded by the lessee had also to be shown.

The learned trial judge was of opinion that, under the provisions of the statute under which the lease in question was made, leased ground was presumed not to be natural oyster reef after the expiration of a certain delay allowed for contest, which delay had expired when accused took the oysters in this case, and that said presumption was not open to rebuttal by evidence.

But the question of the conclusiveness of the said presumption was considered in the present case when last before this court, and decided adversely to that view.

The judgment against accused is therefore

set aside, and the case is ordered to be retried in accordance with the views herein expressed.