(101 South. 17)

No. 26589.

## STATE v. DELEO.

(June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⬅1182—When judgment affirmed in absence of error on face of record.

Where record contains only motion and order of appeal, based solely on ground that verdict was contrary to law and evidence, and where there is no motion to quash, nor in arrest of judgment, nor for new trial, nor any bill of exceptions or assignment of errors, judg-

ment must be affirmed in absence of error patent on the face of the record.

**2. Criminal law ⬤☞1202(6)—Sentence held in excess of court's authority.**

Under Act No. 39, Acts Ex. Sess. of 1921, providing penalty for second or subsequent liquor law violations and Rev. St. § 980, limiting imprisonment in default of payment of fine to one year, a sentence to pay a fine of $750, costs of prosecution, and imprisonment for 90 days, and in default of payment of fine and costs, imprisonment for 2 years, *held* in excess of court's authority.

**3. Criminal law ⬤☞1044, 1090(15)—Unauthorized sentence apparent on face of record set aside, though no motion or bill of exceptions raises such question.**

Where it appears on face of record that sentence imposed was unauthorized by law, same will be set aside, though there be no bill of exceptions nor motion to that effect.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa;. Robert S. Ellis, Judge.

Pete Deleo was convicted of possessing intoxicating liquor, and he appeals. Conviction affirmed, sentence set aside, .and cause remanded.

Ponder & Ponder, of Amite, for appellant.

Percy Saint, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ROGERS, J. Defendant was prosecuted under a bill of information charging him with the possession of intoxicating liquors for beverage purposes. He was found guilty as charged and sentenced to pay a fine of $750 and the cost of prosecution, and to be imprisoned in the parish jail for a term of 90 days, and, in default of payment of the fine and costs, to imprisonment in the parish jail for a term of 2 years. This appeal is from said conviction and sentence.

Defendant has not supported his appeal by argument or by brief. The record contains only a motion and order of appeal based solely on the ground that the verdict was contrary to law and the evidence. There is no motion to quash, no motion in arrest, no motion for a new trial, no bill of exception, and no assignment of errors.

[1] In these circumstances, and if there be no error patent on the face of the record, this court must affirm the judgment. State v. Maniacol, 153 La. 1053, 97 South. 37.

[2] We do not find any error in so far as the conviction is concerned, but we are of the opinion that the court below exceeded its powers in imposing upon defendant a term of 2 years' imprisonment in default of payment of the fine and costs.

Act No. 39 of 1921 (Ex. Sess.) has expressly provided (in section 3) the penalty to be imposed for violations of its provisions. The penalty set forth for the second or subsequent offense is a fine of not less than $100 nor more than $1,000, and imprisonment of not less than 30 days and not more than 12 months.

The authority of the judge to impose imprisonment in. default of payment of the fine and costs was derived from section 980 of the Revised Statutes. Under the terms of the statute the alternative sentence of imprisonment is limited to a, period not exceeding one year.

[3] Where upon the face of the record it appears that a sentence has been imposed which is unauthorized by law, such sentence will be set aside on appeal, though there be no bill of exception nor motion to that effect, and the case will be remanded to be further proceeded with according to law. State v. Anderson, 125 La. 779, 51 South. 846; State v. McCue, 141 La. 417, 75 South. 100; State v. Daniel, 141 La. 423, 75 South. 102; State v. Guidry, 142 La. 441, 76 South. 849.

For the .reasons assigned, the judgment convicting the defendant is affirmed, but the sentence imposed upon him is set aside, and

this case is remanded to the district court in order that the defendant may be sentenced according to law.

O'NIELL, C. J., subscribes to the decree, being of the opinion that the sentence should be limited to the penalty imposed by Act 39 of 1921, which is not enlarged by section 980 of Revised Statutes.