ROGERS, Justice.
 

 Teska Guillot, Jr., was convicted of the crime of burglary as defined by Section 854 of the Revised Statutes, as amended and reenacted by Section 1 of Act 20 of 1926. His motion for a new trial was overruled, and after sentence was imposed, he appealed to this court.
 

 The information was filed on February 26, 1941, and charged that the crime was committed on or about February 27, 1940.
 

 Defendant’s complaints, three in number, are embodied in the bill of exception reserved to the refusal of the trial judge to grant his motion for a new trial.
 

 The first complaint.urged by defendant in the motion for a new trial -was, and in this court now is, that under the provisions of Article 8 of the Code of Criminal Procedure, the -offense charged in the bill of information was prescribed.
 

 Defendant argues with considerable force that the information, which shows on its face that the crime charged was committed “on or about February 27, 1940,” was not filed until February 26, 1941, and that the crime could not have been committed within one year thereafter, as shown by the testimony adduced on the trial of the case which is set forth in the stipulation of counsel submitted with the hearing on the motion for a new trial. The bill of information does not negative prescription.
 

 At the outset of the trial defendant, through his counsel, “announced he would exact that the State restrict its proof upon the trial to February 27, 1940, or after-wards, since time was of the essence in this case, the charge having been made on the last day before the expiration of the year.”
 

 Defendant did not file a plea of prescription nor ask the trial judge to pass upon such a plea in limine. He went no further than to make the announcement to which we have referred. Defendant thus submitted the question to- the jury. The jury evidently believed that the offense charged was committed on February 27, 1940, and therefore was not prescribed; otherwise, they would not have convicted defendant.
 

 It has been held that a plea of prescription may be properly left to the jury. But where the plea has been submitted and disposed of in limine by the trial judge, the accused may not thereafter have the plea re-submitted to the jury.
 
 *944
 
 State v. Gendusa, 193 La. 59, 190 So. 332. Conversely, where the plea has been submitted to the jury, the accused has no right to have the plea withdrawn and referred to the trial judge. State v. Posey, 157 La. 55, 101 So. 869. It also has been held that the failure of an accused to file a plea of prescription before trial and to insist upon a ruling thereon is equivalent to a waiver of the right to urge the plea. State v. Brown, 185 La. 1023, 171 So. 433. On the other hand, it has been held that notwithstanding negation of prescription in the indictment, the accused may plead and show, even after conviction, that the offense charged was prescribed when the indictment was returned. State v. Block, 179 La. 426, 154 So. 46; State v. Oliver, 193 La. 1084, 192 So. 725. The holding in the Block and Oliver cases is predicated on the fact that Article 8 of the Code of Criminal Procedure not only provides that no person shall be prosecuted or tried for a prescribed offense, but also that no person shall be punished for such an offense. The court observed in its decision in the Block case [179 La. 426, 154 So. 47] that: “The sole way to give effect to the word ‘punished,’ is to permit the defendant, notwithstanding the negation of prescription in the indictment to plead and show, even after conviction, that the offense was prescribed, when the bill was returned.”
 

 The procedure in the instant case apparently followed the procedure indicated as correct in the Block and Oliver cases. The trial judge heard all the evidence the defendant had to offer in submitting his motion for a new trial. The evidence did not differ from the evidence presented
 
 to-
 
 the jury, and the trial judge, in refusing a new trial, held that the evidence was not sufficient to justify him in setting aside the verdict.
 

 Although the plea of prescription, presented in a criminal case is a question of fact, it is not a question of fact relating" to the guilt or innocence of the accused. The decision of the trial judge as to whether the offense charged is prescribed is reviewable by this court on the same facts-upon which the decision was based. State v. Gendusa, 193 La. 59, 190 So. 332.
 

 According to the agreement of counsel' submitted at the hearing on the motion for a new trial, only three of the State’s witnesses testified as to the time defendant committed the offense charged in the information. Irvin Ducote, the manager of the People’s Gin Company, testified on the trial of the case that he was unable to state whether the stolen articles were removed from the building owned by the company on February 27, 1940, the date on which he discovered they had been stolen. Ducote further stated that it was possible the articles could have been removed one day after December 20, 1939, which was the last time he had visited the gin prior to February 27, 1940.
 

 Albert Harris, a junk dealer of Bunkie in whose possession some of the stolen articles were found, testified that he purchased the articles from the defendant, hut that the purchase was made prior to February 27, 1940, the date on which they were found in his possession.
 

 
 *946
 
 Roosevelt Washington testified that he saw the defendant leaving the building of the People’s Gin Company through an open window on the morning of February 27, 1940, but that “he did not see any articles, property or equipment in his possession ■when he was coming out of said window.”
 

 Article 8 of the Code of Criminal Pro•cedure provides that: “No person shall be •prosecuted, tried or punished for any offense [certain felonies excepted], unless 'the indictment, presentment or information for the same be found, exhibited or filed •* * * within one year after the offense shall have been made known to the judge, •district 'attorney or Grand Jury having jurisdiction. * * *” Burglary is not •one of the excepted offenses.
 

 The current of prescription created by the article begins to run only from the time the offense shall have been made known to the judge, district attorney, or .■grand jury having, jurisdiction. An accused who pleads prescription bears the burden of proving that the offense with which he is ■charged was made known to a responsible ■officer more than one year previous to the return of the indictment or the filing of the information. State v. Oliver, 193 La. 1084, 192 So. 725. Defendant failed to discharge the burden of proof. None of the witnesses relied on by him supported his claim that the offense with which he was charged was ■prescribed.
 

 The jury found the defendant guilty as charged, — that is to say, of the ■offense alleged in the indictment — and this ■Court has no jurisdiction to review the verdict on the ground that the averments of fact contained in the indictment were not supported by the evidence. State v. Le Blanc, 125 La. 967, 52 So. 114. But this court may, on its own motion, notice an error patent on the face of the record such as the ’following matters: That the statute under which the accused was convicted has been repealed, State v. O’Conner, 13 La.Ann. 486; State v. Henderson, 13 La.Ann. 489; that the sentence imposed is not legal, State v. Deleo, 156 La. 672, 101 So. 17; State v. Carlander, 158 La. 244, 103 So. 755; that the verdict is fatally defective, State v. Bankston, 159 La. 429, 105 So.
 
 420;
 
 that
 
 the
 
 indictment charges no offense, State v. Jordy, 161 La. 104, 108 So. 229; State v. Melson, 161 La. 423, 108 So. 794. One of the cases cited in the Melson case is State v. Forrest, 23 La.Ann. 433. In that case it was held that where, on the face of an indictment, a crime is prescribed, the accused may call the attention of the Supreme Court to the error. In such a case, the Supreme Court will decide whether, on its face, the prosecution is prescribed.
 

 We therefore shall pass to the consideration of defendant’s contention that on its face the bill of information filed in this case shows that the offense charged therein is prescribed.
 

 Defendant argues that an examination of the bill of information “suggests that time is of the essence of the alleged commission of the offense in view of the statutory limitation for the prosecution of an offense of this nature.” Defendant further argues that, while under ordinary circumstances where time is not of the
 
 *948
 
 essence in charging the commission of an offense, the words “on or about” could be regarded as sufficient in this case the information was not filed until the day-ending one year after the alleged commission of the offense so that the use of the words “on or about” of itself indicates that the offense was barred by the statute of limitations, and the failure of the district attorney to negative the prescription makes the information fatally defective.
 

 “At common law, since it was held necessary to allege the offense to have been committed on a day certain, an allegation that an offense was committed ‘on or about’ a certain day was regarded as insufficient. But under, the statutes now generally prevalent rendering a statement of the precise time of the offense-immaterial, save where the time is an ingredient of the offense, together with the statutes providing that the indictment shall not be held invalid for formal defects, it is usually sufficient to state the offense was committed on or about a particular day, some of the cases holding that the words ‘or about’ may be rejected as surplusage, even in the absence of statute. * * *” 31 C.J., Indictment and Information, § 212, pp. 682, 683. The rule is stated to the same effect in
 
 27
 
 Am.Jur., Indictment and Information, sec. 70, p. 633. One of the cases cited by the author of the article in Corpus Juris is State v. McCarthy, 44 La.Ann. 323, 10 So. 673. Defendant, in the McCarthy case, was charged with murder. In a motion in arrest of judgment the defendant alleged that the indictment was fatally defective in substance, because it charged that the murder' was committed “on or about the 28th December, 1890.” The Court held: “The words ‘on or about’ are surplusage. The real date is that which is specified. Time is not the essence of the offense here charged, and the time, therefore, stated in the indictment is immaterial as to exact date, if it be charged before finding of indictment.”
 

 The general rule relative to the use of the words “on or about” in an indictment or information charging the crime-of burglary is set forth in 9 Am.Jur., Burglary, sec. 47, p. 263, in these words: “The precise date of the commission of the crime of burglary is not of the essence of the offense. The use of the expression ‘on or about’ a certain date is therefore correct, and the case against the accused is sufficiently proved if it is shown that the crime was committed within the time limited by the statute for the prosecution of the offense.”
 

 Defendant’s contention, that the bill of information is defective because it did not set forth the precise date on which defendant was charged with committing burglary, is untenable. Article 234 of the Code of Criminal Procedure provides that: “No indictment shall be.held insufficient for * * * omitting to state the time at which an offense was committed where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or of an impossible day, or on a day that never happened, * * The article is similar to section 1063 of the Revised Statutes which was under review
 
 *950
 
 in the case of State v. Conega, 121 La. 522, 46 So. 614, 615. In that case, defendant was charged with having sold spirituous liquor without having first obtained a license therefor. The indictment failed to state the date on which the liquor was sold. The court, after quoting the pertinent portion of Section 1063 of the Revised Statutes, observed as follows:
 

 “In this case time was not ‘of the essence of the offense charged,' and by the express provisions of the statute just quoted it was not an essential averment in the indictment charging the commission of the offense. * * * A motion,to quash an indictment for defects apparent on the face of the same is a matter entirely different and distinct from a plea of prescription. One is directed against the pleadings. The other goes outside of the pleadings and is directed against the time at which the prosecution was commenced; but neither has reference to the ‘essence of the offense’ charged. It is no part of the essence of the offense of selling spirituous liquors without a license that this should have been done on a particular day or particular time.
 

 “Prescription is a matter relating to the prosecution for a crime, and not to the commission of a crime. It owes its existence to the prior commission of á crime. It commences after one has been committed. A person who is guilty in fact of having committed larceny is none the less ‘guilty’ of having committed the crime because, by-reason of the carelessness of the prosecuting officers or from causes beyond their control, no indictment against him has been returned in time to enable- the state to prosecute or punish him for the crime which, in point of fact, has actually been committed.”
 

 The information in this case shows on its face that the crime charged was committed within the year preceding the filing of the information. The precise date of the
 
 commission
 
 of the crime is not of the essence of the offense, and by the express provisions of Article 234 of the Code of Criminal Procedure, it is not a necessary averment in the information charging the commission of the offense. The words "on or about” are surplusage. The real date is the date specified, which is prior to the filing of the information and within the prescriptive period created by the statute. It is not necessary therefore that the information should negative prescription, since on its face prescription had not accrued.
 

 The second complaint urged by the defendant in the motion for a new trial and also in this court is that the bill of information is defective in that it attempts to define two crimes in one charge or count. The defendant’s complaint is founded on his theory that he was convicted of the crime of burglary on a charge and prosecution for the crime of larceny.
 

 The bill of information charges that the defendant “did wilfully, maliciously and feloniously, and unlawfully did in the daytime with the felonious intent to steal, feloniously break and enter the building of the People’s Gin Company of Bunkie, Louisiana with intent to steal, and did steal, take and carry away, the following property, to-wit:” Then follows a descrip
 
 *952
 
 tion of the property stolen, which it is charged was valued at $300.
 

 The allegation of the motion for a new trial does not reach the alleged defect complained of, but is a complaint which should have been made by demurrer or by motion to quash before the jury was sworn. Code Cr.Proc. art. 221; State v. Turner, 178 La. 927, 152 So. 567. But even if the complaint had been timely presented, the information is not amenable to the charge of duplicity. . The offense laid in the information was burglary and the case was tried by a jury of twelve as required in the prosecution of such an offense.
 

 In State v. Lewis, 129 La. 800, 56 So. 893, 896, this court said: “Burglary, with intent to steal, and larceny, committed at the same time and place, though distinct offenses, are so intimately connected that they may be charged, as a single offense, in the same count, and, a fortiori, may be charged in separate counts of the same indictment.”
 

 In the case of State v. Desselles, 150 La. 494, 90 So. 773, 776, which is the leading case on the subject, this court reviewed the jurisprudence and held that in a case such as this the indictment was one for burglary and not for larceny. We quote from the decision: “The decisions of this court maintain that, if burglary and larceny have been committed in one transaction, the two crimes may be charged in one count of the indictment, without invalidating the indictment for duplicity. * * * It must be, and is, considered well settled now by the decisions of this court that, if larceny be charged in the same count with burglary, the indictment is for burglary only, the charge of larceny being considered only as expressing the intent with which the burglary was committed. In such case, the jury cannot legally convict the defendant of larceny, and, if the verdict be ‘guilty as charged,’ the penalty for burglary only can be imposed.”
 

 In State v. Ford, 30 La.Ann. 311, State v. Christian, 30 La.Ann. 367, and State v. Johnson, 34 La.Ann. 48, it was held that an indictment charging burglary and larceny in one count was an indictment for burglary only, and that a verdict of guilty of larceny was not valid. And in State v. Fradella, 162 La. 1067, 111 So. 423, it was held that where burglary and larceny are charged in one count, the jury can not convict of larceny as the indictment or information is for burglary only.
 

 The third and final complaint urged by defendant in the motion for a new trial, and also before this court, is directed at two statements contained in the charge delivered by the trial judge to the 'jury.
 

 The record shows that when the case was called for trial counsel for the defendant requested that the trial judge deliver his charge to the jury in writing. The judge consented to do this, and, accordingly, he prepared a written cha'rge which was submitted both to the district attorney and to-the defendant’s counsel before it was given to the jury. No objection was made to the charge when it was read to the jury. When the reading was completed, however,, defendant’s counsel objected to the charge as a whole and reserved a bill. No reason
 
 *954
 
 was assigned for the objection and no error in the charge was pointed out to the judge, so that he might correct the error, if any was made.
 

 Every objection to the charge of the trial judge must clearly specify the errors complained of. Code Cr.Proc. art 391. A general objection to the whole charge can not avail. State v. Warlick, 179 La. 997, 155 So. 460. Omissions or errors in the charge of the trial judge, which he was not requested to supply or correct, afford no ground for complaint. State v. Stracner, 190 La. 457, 182 So. 571. And it is too late to object to a charge to the jury or to specify grounds for such objection in a motion for a new trial. State v. Boone, 194 La. 977, 195 So. 511.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.