O’NIELL, Chief Justice.
 

 The defendants, M. R. Waits and Ned Hicks, in the case No.
 
 38,282,
 
 and the defendant, Mike Schuster, in the case No. 38,283, were prosecuted, under separate bills of information, for violating a police jury ordinance. The cases were ordered consolidated and tried as one case and the defendants were found guilty. Waits and Hicks were sentenced each to pay a fine of $25 and the costs of court or be imprisoned in the parish jail for 10 days. Schuster was sentenced to pay a fine of $50 and costs or be imprisoned in the parish jail for 10 days. The sentence in each case being not sufficient to give this court appellate jurisdiction, the defendants applied for and obtained writs of certiorari.
 

 The most important question, and the only one which we find it necessary to consider, is whether the averments in the bills of information were sufficient to charge the- defendants with the violation of the police jury ordinance under which they were prosecuted. The question was raised by. way of a motion in arrest of judgment.
 

 The ordinance under which the prosecutions were had declares it to be unlawful for any person to sell or serve, or permit to be consumed on the premises, any alcoholic liquor or beverage, or any malt or vinous liquor or beverage, or any spirituous liquor or beverage, having any alcoholic content whatsoever, “in or about any tavern, house of public entertainment, or shop for retailing liquor, within the Parish of Bossier, Louisiana, on Sundays during the entire 24 hours, or on week days between the hours of 12:00 o’clock midnight and 7:00 o’clock A. M.”
 

 In the case No. 38,282, the bill of information charged that Waits and Hicks “did sell and serve intoxicating liquor on Sunday in violation of an ordinance of the Police Jury of Bossier Parish, Louisiana, prohibiting the sale of intoxicating liquor on Sunday.” In the case No. 38,283, the bill of information charged that Schuster “did sell and serve intoxicating liquor during the hours between 12:00 o’clock midnight of April 22nd and 7:00 o’clock A.M. of April 23rd, 1946, in violation of an ordinance of the Police Jury of Bossier Parish, Louisiana.”
 

 
 *774
 
 The authority under which the police jury adopted the ordinance is Section 2743 of the Revised Statutes, which, section authorizes police juries to make all such regulations as they may deem expedient “To regulate the police of taverns and houses of public entertainment, and shops for retailing liquors in their respective parishes.”
 

 The complaint in this case was and is that neither of the bills of information charged that the selling or serving of the intoxicating or alcoholic liquor was done “in or about any tavern, house of public entertainment, or shop for retailing liquors.” The ordinance which the defendants are accused of violating does not prohibit the selling or serving of intoxicating or alcoholic liquor on Sundays or between the hours specified except in or about a tavern, house of public entertainment or shop for retailing liquors.
 

 Article 227 of the Code of Criminal Procedure requires that an indictment or bill of information “must state every fact and circumstance necessary to constitute the offense”, but that it need do no more, and that it is immaterial whether the offense be charged in the words of the statute creating it or in words unequivocally conveying the meaning of the statute. In this case neither of the bills of information stated every fact and circumstance necessary to constitute the offense, because neither of them-stated that the selling or serving of the intoxicating or alcoholic liquor was done in or about a tavern, house of public entertainment, or shop for retailing liquors.
 

 The only exception to the requirements of article 227 of the Code of Criminal Procedure is that, in an indictmefit or bill of information charging an offense for which a short form of indictment is prescribed by article 235 of the Code of Criminal Procedure, as amended by Act No. 147 of 1942 and by Act .No. 223 of 1944, the indictment or bill of information may be drawn in the short form prescribed by the statute; in which case the district attorney may be required by the judge, if requested by the-defendant previous to arraignment, to furnish a bill of particulars setting forth more specifically the nature of the offense charged. That article of the Code of Criminal Procedure, however, has no application to this case because neither of ■ the offenses charged in this case is one for which a short form of indictment has been prescribed.
 

 The State contends that the defendants waived or forfeited their right to complain of the insufficiency of the bills of information in this case by failing to file a motion for a bill of particulars, or a demurrer, or motion to quash the bill of information. The attorney general and district attorney point out that, according to article 288 of the Code of Criminal Procedure, if the- defendants or either of them had filed a demurrer or motion to quash the bill of information, the judge,
 
 *776
 
 in his discretion, might have required the district attorney to file such data as the judge might have deemed .sufficient. It is only in cases where the indictment or bill of information conforms with the requirements of article 227 of the Code of Criminal Procedure, by stating every fact and circumstance necessary to constitute the offense intended to be charged, or in cases coming under the provisions of article 235, as amended, where a short form of indictment is prescribéd, that the defendant is obliged to ask for a bill of particulars or to file a demurrer or motion to quash, in order to preserve his right to complain that the indictment or bill of information does not inform him sufficiently of the nature and cause of the accusation against him. If the indictment or bill of information does not conform with the requirements of article 227 of the Code of Criminal Procedure and if the case is not one in which a short form of indictment is prescribed by article 235, as amended, the indictment or bill of information is null, and the nullity may be complained of by way of a motion in arrest of judgment at any time after conviction and before the sentence is pronounced. In that respect the rule was the same before the adoption of the Code of Criminal Procedure as it is now. State v. Doremus, 137 La. 266, 68 So. 605.
 

 The convictions and sentences are set aside and the prosecutions are ordered dismissed.