43 So.2d 232

**STATE v. GROS.**

**No. 39439.**

Nov. 7, 1949.

Blanchard & Blanchard, Donaldsonville, for defendant and appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Aubert L. Talbot, Dist. Atty., Napoleonville, for plaintiff and appellee.

McCALEB, Justice.

Relator was tried and convicted on a bill of information charging that he "did wilfully and unlawfully resist, intentionally oppose Felix St. Germain, a duly qualified Deputy Sheriff for the Parish of Assumption, Louisiana, while acting in his official capacity in making a lawful arrest of the said A. C. Gros." Following the imposition of an unappealable fine and jail sentence,

relator applied for and secured remedial writs.

The question for determination is whether the bill of information sufficiently sets forth the offense. Relator claims that it is fatally defective since it does not charge that he knew or had reason to know that the deputy sheriff, whom he allegedly resisted, was acting in his official capacity.[1]

■ That scienter is an essential element of the offense of resisting an officer is not open to discussion. Article 108 of the Criminal Code, Act No. 43 of 1942, defines the Crime as follows: "Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, *when the offended knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.*" (Italics ours.)

■ Article 227 of the Code of Criminal Procedure requires that an indictment or bill of information "must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the

statute, be used." And it is basic that, since all crimes in this State are statutory, " * * * every fact that forms an essential element of the crime intended to be charged must be alleged with certainty and precision * * *" and the " * * * omission of any essential element of the crime renders the accusation invalid, * * *". State v. Toney, 205 La. 451, 17 So.2d 624, 625, and cases there cited.

The only exception to the requirements of Article 227 of the Code of Criminal Procedure is found in Article 235, as amended by Act No. 147 of 1942 and Act No. 223 of 1944, providing that, in charging certain specific crimes, short forms (set forth therein) may be used, State v. Waits, 210 La. 769, 28 So.2d 265, and further providing, by the amendatory Act No. 223 of 1944, that "in all cases of crimes included in the Criminal Code but not covered by the short forms" specified in the Article "it shall be sufficient to charge the defendant by using the name and article number of the offense committed."

It is claimed by the State that the bill of information is valid under Article 235 of the Code of Criminal Procedure, as amended, because it is in the short form and meets the test applied in State v. Ward, 208 La. 56, 22 So.2d 740 and cited with approval in State v. Wright, 215 La. 529, 41 So.2d 76.[2]

---

1. The attack on the information was timely raised by motion to quash and later renewed on motion in arrest of judgment.

2. "1. Is the indictment or information sufficient to inform the court what offense is being charged in order that the

The answer to this contention is that there is not a short form provided under Article 235 for the offense of resisting an officer and the State has not elected to charge relator by using the name and article number of the offense provided for by Act No. 223 of 1944, amending Article 235. Accordingly, the authorities relied on which approve charges made under the short form are inapplicable. State v. Waits, supra.[3]

The conviction and sentence is annulled and it is ordered that the information be quashed and relator discharged.

43 So.2d 234

**WARREN v. GLOBE INDEMNITY CO.
et al.**

**No. 38559.**

Nov. 7, 1949.

court might properly regulate the evidence sought to be introduced?

"2. Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged?

"3. Is the indictment sufficient on its face to support a plea of former jeopardy in event there is an attempt to try the defendant more than once for the same offense?" See 208 La. at page 62, 22 So. 2d at page 741.

3. See also State v. Davis, 214 La. 885, 39 So.2d 164, where a similar contention of the State was rejected.