MOISE, Justice.
The accused, Mervin M. Roth, was charged in a bill of information with having in his possession, with intent to sell and display, indecent prints, pictures and written compositions, etc. In the instant case, the information charges a crime under the old law, Act 43 of 1942, Article 740-106, Louisiana Code of Criminal Law and Procedure.
To this charge, the defendant pleaded “Not Guilty.” Thereafter, he changed his plea to “Guilty as Charged.” The district judge then sentenced the defendant to eighteen months in the parish prison. From the judgment of conviction and sentence, the defendant prosecutes this appeal.
The accused’s complaint is based on an assignment of errors which sets forth that the State was presumably trying to charge the defendant with obscenity, a misdemean- or under LSA-R.S. 14:106 as amended by Act 314 of 1950, but the information here charges an offense in the language of Act 43 of 1942, “indecent print, picture, * * * ” and such 'language did not clearly inform the defendant of the nature and character of the charge preferred against him.
In the case of State v. Kraft, 214 La. 351, 37 So.2d 815, 816, the information was identical to the one filed here. We held:
“We recognize, of course, that the requirement in section 10 of article 1 of the Constitution of Louisiana has reference particularly to the indictment or bill of information and to such specifications or particulars as a defendant may demand in a criminal prosecution — -rather than to the statute under which he is prosecuted. But this doctrine has been extended so as to apply in some measure to the statute itself. * * * It is sufficient to say that a criminal statute, in order to be valid and enforceable, must define the offense so specifically or accurately that any reader having ordinary intelligence will know when or whether his conduct is on the one side or the other side of the border line between that which is and that which is not denounced as an offense against the law.” See also: State v. Vallery, 212 La. 1095, 34 So.2d 329; State v. Truby, 211 La. 178, 29 So.2d 758.
After the decision of the Kraft case, supra, the Legislature passed Act 314 of 1950, amending and re-enacting Section 106 of Title 14 of the Louisiana Revised Statutes of 1950. It defined the crime of Obscenity as follows: (Italics ours.)
“Obscenity is the intentional:
“(1) Exposure of one’s person in -a public place in such manner that any part of a sex organ may be seen by another person; or
*444 “(2) Production, sale, exhibition, possession with intention to display, exhibit, or sell, or the advertisement of, any obscene, lewd, lascivious, filthy, or sexually indecent print, picture, motion picture, written composition, model, instrument, contrivance or thing of whatsoever description; or * *
(Italics ours.)
Therefore, the offense in this case being alleged to have been committed on May 5, 1953, a date after the passage of the amended act, Act 314 of 1950, it was mandatory that the State charge the defendant in the language of the statute as it then existed and now stands.
At no stage of the proceedings was any attack made upon the bill of information by demurrer, motion to quash or motion in arrest of judgment. Counsel for the defendant, however, urges that there is error patent on the face of the record. LSA-RS. 15:503 and LSA-R.S. 15:560.
The State by way of opposition cited LSA-R.S. 15 :253 which reads:
“No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to.the commencement of the trial or at such time thereafter as the court in its discretion permit. .* * *”
The State in brief informs the Court that it was willing to amend the bill of information, but its offer was rejected as unnecessary by counsel for the accused. It argues that under LSA-R.S. 15 :253, the bill cannot now be quashed or set aside, and that if the omission is one of form, it should have been raised in limine lites, and, if one of substance, it should have been raised before sentence.
 We do not think that the statute applies to an information which has been filed un'der a statute which has been declared unconstitutional, as shown in the Kraft case, supra. This is not the case of a defective bill of information. It is the case where an information charges no crime at all.
In the case of State of Louisiana v. Watson, 41 La.Ann. 598, 7 So. 125, 126, this Court stated:
“By a plea of guilty the defendant confesses himself guilty in manner and form as charged in the indictment, and, if the indictment charges no offense against the law, none is confessed. 1 Whart.Crim.Law, § 532.”
In State v. Bergeron, 152 La. 38, 92 So. 726, 727, this Court made the following statement:
“The general rule that a plea of guilty is a waiver of the right to ap *446 peal is founded upon a presumption of acquiescence, which has no application when the defendant, while confessing his guilt of the act or conduct charged in the indictment, insists that the law does not prohibit it.”
The case of State v. Jordy, 161 La. 104, 108 So. 229, 230, held:
“ * * * In a criminal case, this court may notice of its own motion an error patent on the face of the record, as for instance, that the indictment charges no offense.”
In State v. Iseringhausen, 204 La. 593, 16 So.2d 65, 69, it is stated:
“The essential ingredient of a crime must be charged in the indictment or information informing the accused of the nature and cause of the accusation against him. Article 1, sec. 10 of the Constitution of 1921.” See also, State v. Gendusa, 190 La. 422, 182 So. 559.
The case of State v. Toney, 205 La. 451, 17 So.2d 624, discussed the matter thoroughly and made the following findings:
“While this court does not ordinarily review errors alleged to have occurred during the trial of a criminal case unless timely objection has been made to them and the necessary bills of exceptions reserved, ‘When the certificate of the officer who has made up the transcript shows that the transcript is complete, the appellant may at any time, orally or in brief, call the attention of the court to any error apparent on the face of the record, without making any formal assignment.’ • Article 560 of the Code of Criminal Procedure [LSA-R.S. 15:560], * * *
“It is elementary that the only crimes in this state are statutory and that every fact that forms an essential element of the crime intended to be charged must be alleged with certainty and precision in the accusation, nothing being left to intendment or conjecture. The omission of any essential element of the crime renders the accusation invalid, whether it was brought by indictment, information, or affidavit. * * * ’’ See also, State v. Gros, 216 La. 103, 43 So.2d 232; State v. Guillot, 200 La. 935, 9 So.2d 235.
It is no offense to have in one’s possession with intent to display, exhibit or sell an indecent print or picture, etc., unless the indecent picture, print, etc. be obscene, lewd, lascivious, filthy, or sexually indecent.
Nowhere in the information filed against the defendant is it set forth that the indecent prints, pictures and written] compositions alleged to have been in the possession of the accused were obscene, lewd, lascivious, filthy, or sexually indecent. Lacking this language, no offense has been charged against the defendant under the statute and having pleaded guilty to no legal offense — as none was set out in the *448 information — the sentence imposed on the defendant is illegal and must be set aside and annulled.
For the reasons assigned, the judgment and sentence appealed from are annulled and set aside.
HAWTHORNE, J., absent