**73 So.2d 437**

**STATE v. KELLEY.**

**No. 41648.**

April 26, 1954.

Rehearing Denied May 31, 1954.

Charles E. Deichmann, Warren O. Coleman, New Orleans, for relator and defendant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for respondent.

MOISE, Justice.

Francis J. Kelley was charged, tried and convicted with violation of the registration laws of the State of Louisiana. The trial court sustained a motion in arrest of judgment, based on the overruling of defendant's demurrer. An appeal was taken to the Appellate Division No. 2 of the Criminal District Court. The judgment of the trial court was reversed. Writs were applied for and granted by this Court. The Bill of Information, under which the accused was charged, reads:

"Francis Joseph Kelley on the 12th day of December in the year 1951 did wilfully and unlawfully cause himself

to be registered as a voter for Ward 3, Precinct 2, by submitting false information in his application for registration."

The form of application for registration, in which alleged false information was given, reads:

"I am a citizen of the United States and of the State of Louisiana. My name is Mr. ......, Mrs. ......, Miss ...... I was born in the state (or county) of ......, on the ...... day of ......, in the year ....... I am now ...... years, ...... months, and ...... days of age. I have resided in Louisiana since ......, in this parish since ......, and in Precinct No. ......, in Ward No. ...... of this parish continuously since ....... I am not disfranchised by any provisions of the constitution of this state. The name of the householder at my present address is ....... My occupation is ....... My color is ....... My sex is ....... I am not now registered as a voter in any other ward or precinct of this state, except ....... My last registration was in Ward ...... Precinct ......, Parish ....... I am now affiliated with the ...... Party.

"_____

Signature

"Sworn to and subscribed before me:"

Defendant demurred to the information on the grounds that the alleged false information given should be stated, and that he should not be compelled to

plead as to his guilt or innocence, because the information filed against him set out no known offense to the laws of the State of Louisiana. It is elementary that the ingredient which constitutes the crime to be charged is that, in the registration form, the accused allegedly submitted false information which procured his registration. Such being the basis of the charge, it should be set out so as to inform the accused of the nature and character of the charge, as provided in the constitutional mandate. The information states that Kelley wilfully and unlawfully caused himself to be registered as a voter by submitting false information in his application for registration. If this were a civil suit no proof could be made, because in order to prove any fact it must be alleged. In the instant case, how can the accused make a defense, since nothing in law is left to intendment or conjecture, because he is presumed to be innocent and this presumption of innocence follows him all during the trial and his guilt must be established beyond all reasonable doubt.

Under the present information nothing is revealed; the false information is concealed, because it is not alleged. How does the accused know on what point to defend or what set of witnesses he must summon to rebut? The Bill of Rights in the Constitution guarantees to defendant compulsory process for the attendance of witnesses. This guarantee, under the circumstances shown, becomes a mere "brutum fulmen".

The defendant is charged in the LSA—Revised Statute 18:222, which reads as follows:

"No person shall register falsely or illegally as a voter, or make a false statement in an affidavit or other document that he presents for the purpose of procuring himself to be registered or to be retained as a registrant. No person shall *knowingly present,* for any purpose within the purview of this Chapter, an affidavit or other document *containing a false statement.*

"Whoever violates this Section shall be fined not less than five hundred dollars nor more than one thousand dollars, or imprisoned for not less than six months nor more than one year, or both. The penalties shall be doubled for the second or any succeeding offense of the same character."

The Bill of Rights, in its guarantee to mankind, makes no distinction between a saint or a sinner. It is the litany of humanity applying, not to animals or property, but man to man.

Art. 1, Sec. 10 of the Constitution of 1921 guarantees to all men accused of crime that they shall be informed of the nature and the character of the accusation against them.

It is stated in the charge that false information was given in the application for registration. Does that carry out the constitutional mandate when the alleged false information is not pleaded?

In the case of State v. Iseringhausen, 204 La. 593, 16 So.2d 65, 69, it was stated:

"The essential ingredient of a crime must be charged in the indictment or information informing the accused of the nature and cause of the accusation against him. Article 1, sec. 10 of the Constitution of 1921." See also, State v. Gendusa, 190 La. 422, 182 So. 559.

In State v. Toney, 205 La. 451, 17 So.2d 624, 625, it is further stated:

"It is elementary that the only crimes in this state are statutory *and that every fact that forms an essential element of the crime intended to be charged must be alleged with certainty and precision in the accusation, nothing being left to intendment or conjecture. The omission of any essential element of the crime renders the accusation invalid, whether it was brought by indictment, information, or affidavit. * * *"* See also State v. Gros, 216 La. 103, 43 So.2d 232; State v. Guillot, 200 La. 935, 9 So.2d 235. (Italics ours.)

In the very recent case of the State v. Roth, 224 La. 439, 69 So.2d 741, a conviction and sentence were set aside where the information was brought under an unconstitutional statute and no attack was made upon the information until the proceedings reached this Court on appeal.

In the case of the State v. Varnado, 208 La. 319, 371, 23 So.2d 106, 123, on rehearing, in discussing the charge this Court said:

"Thus it may be seen that the district attorney, in drawing up this bill of information, has used the general words of the statute, the only difference being the use of the conjunctive 'and' where the disjunctive 'or' is used in the statute itself, but does not state a single act upon which the charge is based or any of the facts or circumstances upon which his conclusions are based, thus failing to follow our basic requirements for a valid indictment.

" 'It is the modern rule, universally applied by the courts, that in charging a statutory offense it is not necessary to use the exact words of the statute. An indictment or information for such an offense is sufficient if it follows the language of the statute substantially or charges the offense in equivalent words or others of the same import, *if the defendant is thereby fully informed of the particular offense charged,* and the court is enabled to see therefrom ◦ on what statute the charge is founded * * *.' 27 Am. Jur. 660, Section 101.

" *'The general rule * * * is without application where the statutory words do not in themselves fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements and ingredients necessary to constitute the offense intended to be punished.* As the courts have pointed out, the words of the statute may be

sufficient to describe or legally characterize the offense denounced, and yet be wholly insufficient to inform the accused of the specific offense of which he is accused, so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, *as where the statute characterizes the offense in mere general or generic terms * * *. An information charging an offense in the words of a statute which defines an offense generally is insufficient where it alleges the offense in the language of the statute, but does not state the specific acts on which the charge is based, and is not sufficiently definite to be of any value as a bar to further prosecution.* In order to particularize the offense it is necessary in some instances, in addition to the statutory words of general description, to set forth the things or means used or other statement of facts and circumstances, as with respect to time, place, person, or other circumstances to identify the particular transaction; and where the offense has relation to a certain place, and the statute adds a descriptive phrase, it must be covered by allegation.' 27 Am.Jur. 662, Section 103."

■ The statute uses the word "knowingly." This word has been entirely omitted from the information. " 'Knowingly,' when applied to an act or thing done, im-

ports knowledge of the act or thing 'so done, as well as an evil intent or a bad purpose in doing such thing." 51 C.J.S., p. 463. The information does allege that he "wilfully * * *". "Wilfully" means governed by the will without yielding to reason. The charge is not within the language of the statute, and by no stretch of the imagination can two negatives be made an affirmative, so as to relieve the state to make known the alleged false representation *knowingly* made.

■ The issue before us is not one of guilt or innocence of the accused; the purpose of the charge is not to convict nor is it to acquit. The monumental superscription of the Bill of Rights granted to all men living in this Democracy is to be informed of the nature and character of the charge against them, so that when so informed they may be able to avail themselves "by compulsory process to get the attendance of the witnesses" necessary for their defense.

It is of a bad eminence and dangerous precedent for a guilty man to go unpunished, but it is a greater wrong to deny, in any case, the constitutional liberties for the general welfare of a citizen in the protection of his life and his liberty and his property.

Mr. Justice Dillon, in addressing himself to the provisions of the Constitution, said:

"The value, however, of these constitutional guarantees wholly depends.

upon whether they are fairly interpreted and justly, with an even hand, fully and fearlessly enforced by the Court."

■ For the reasons assigned, the judgment of the Appellate Division No. 2 of the Criminal District Court of the Parish of Orleans, reversing the judgment of the trial court arresting judgment, is reversed and set aside and the judgment of the trial court, Section "A", is affirmed.

HAMITER and HAWTHORNE, JJ., concur in the decree.

McCALEB, Justice (dissenting).

I think that the appellate division of the Criminal District Court was correct in holding that the bill of information adequately informed relator of the nature and cause of the accusation against him and that, therefore, his motion in arrest of judgment was not well taken.

The statute involved is Section 222 of Chapter 1 of Title 18 of the Revised Statutes which deals with elections. Chapter 1 of this title, which has to do with registration of voters, has nine separate parts. Part IX provides the penalties for violation of the various enactments. Section 222, under which the information is brought, declares:

"No person shall register falsely or illegally as a voter, or make a false statement in an affidavit or other document that he presents for the purpose of procuring himself to be registered or to be retained as a registrant. No person shall knowingly present, for any purpose within the purview of this Chapter, an affidavit or other document containing a false statement".

It is plain to me that the statute denounces three acts as offenses:

(1) To register falsely or illegally as a voter, or

(2) To make a false statement in an affidavit presented by a person for the purpose of procuring himself to be registered or retained as a registrant, or

(3) To knowingly present "for any purpose within the purview of this Chapter" an affidavit or other document containing a false statement.

The bill of information herein charges relator with violating the first of the three provisions outlined above. It alleges that he, "on the 12th day of December in the year 1951 did wilfully and unlawfully cause himself to be registered as a voter for Ward 3, Precinct 2, by submitting false information in his application for registration.

These averments succinctly inform relator that he has violated the law by registering illegally and that he accomplished the unlawful act by submitting false information in his application for registration. Thus, he is told what he did and how he did it. No more is required as every

fact and circumstance necessary to constitute the offense is here stated. Article 227, Code of Criminal Procedure, LSA–R.S. 15:227. If relator desired any specific information relative to the type of false information he submitted in his application for registration, he could have requested it by motion for a bill of particulars.

For these reasons, State v. Varnado, 208 La. 319, 23 So.2d 106 and other authorities cited by the majority are not apposite.

I respectfully dissent.