352 So.2d 216 (1977)
STATE of Louisiana
v.
Shirley SMITH and Benjamin deManuel.
No. 59985.
Supreme Court of Louisiana.
November 14, 1977.
Paul A. Bonin, New Orleans, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *217 Dist. Atty., Philip J. Boudousque, Asst. Dist. Atty., New Orleans, for plaintiff-respondent.
CALOGERO, Justice.
Defendants Shirley Smith and Benjamin deManuel were charged by bill of information with resisting an officer in violation of R.S. 14:108. After a judge trial in the Criminal District Court for the Parish of Orleans the defendants were found guilty as charged. Each was sentenced to serve five (5) months in Parish Prison and pay a fine of sixty-five (65) dollars or serve an additional thirty (30) days in jail. On appeal to the Appellate Division of the Criminal District Court defendants' convictions and sentences were affirmed. Thereafter, defendants made application to this Court for supervisory writs. We granted defendants' application, 347 So.2d 265 (La.1977), and ordered a stay of their sentences pending further action by this Court.
The facts which preceded the defendants' arrests are as follows: On October 4, 1976 several members of the New Orleans Police Department visited the residence of defendant Shirley Smith to inquire about the location of one Gregory Smith who was wanted for his alleged participation in an armed robbery which had taken place three days earlier. Based on their knowledge that Gregory Smith was the son of defendant Shirley Smith and on information supplied by the suspect's grandmother and another police officer that the suspect had been seen in that vicinity, the officers had reason to suspect that Gregory Smith was present at the defendants' residence (defendant deManuel was apparently Shirley Smith's common law husband). Upon their arrival the officers, who had neither an arrest warrant nor a search warrant, were admitted to the front room of the defendants' home where they began to question the defendants. Then present in the room with the police and defendants were defendant Smith's daughter, daughter-in-law, granddaughter and son (other than Gregory). The officers were told that no one else was in the house. Not satisfied with the defendants' response that Gregory Smith had fled to California, the officers requested defendants' permission to search the remainder of the house. Defendants, who had positioned themselves in the entrance of the hallway which led to the remainder of the house, denied them permission. Two of the officers testified that defendants were quite nervous and that defendant Smith was sweating profusely. At that point the officers heard a noise in the rear of the house, whereupon they attempted to gain access to the hallway. One of the officers, after making an unsuccessful attempt to move defendant deManuel to the side, shoved deManuel out of the way. As the police then proceeded down the hallway they received a call over their radio from other police officers who had remained outside of the house that someone was attempting to climb out of a rear window. The officers rushed to the rear bedroom, found the suspect Gregory Smith, and arrested him. Thereafter, both Shirley Smith and Benjamin deManuel were arrested and charged with harboring a fugitive. These charges were apparently dropped, however, and the defendants were tried and convicted on an alternate charge of resisting an officer. Defendants rely on three assignments of error for reversal of their convictions.

ASSIGNMENT OF ERROR NO. 1
In this assignment defendants contend that the search for and arrest of Gregory Smith was illegal, and that they therefore could not be found guilty of resisting an individual who was "authorized by law to make a lawful arrest."[1] We find no merit in this contention.
*218 Article 213 of the Code of Criminal Procedure provides:
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
(4) The peace officer has received positive and reliable information that another peace officer holds a warrant for the arrest.
A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest.
The standard by which the presence of "reasonable cause" to arrest a person without a warrant is to be determined in a particular case is well established in our jurisprudence. It exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to justify an average man of caution in the belief that a felony has been or is being committed. State v. Phillips, 347 So.2d 206 (La.1977); State v. Linkletter, 345 So.2d 452 (La.1977); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966).
In the present case the policemen clearly had reasonable cause to arrest Gregory Smith. The victim of the armed robbery and a witness had both related that one Gregory Smith was the perpetrator, and had chosen his photograph from a group presented them shortly after the robbery.
However, in addition to having the "reasonable cause" to arrest, the more serious question is whether the police had a right to arrest Gregory Smith at the time and place and in the manner in which they did.
Had the officer entered the dwelling for the purpose of arresting Gregory Smith without search and/or arrest warrants and without exigent circumstances, such as hot pursuit, a respectable argument might be presented that the arrest would have been illegal.[2]
*219 In this case, however, the officers had entered the dwelling with permission, and even without the occupants' assent to go into the rear of the house were confronted with exigent circumstances warranting the intrusion into the rear. The facts related more fully hereinabove prompted a reasonable suspicion on their part that the wanted armed robber was on the premises. That suspicion rose to probability when they heard a noise emanating from the assertedly unoccupied rear part of the house. The possibility, indeed likelihood, that Gregory Smith would attempt to escape, with or without a potentially dangerous confrontation, constituted exigent circumstances warranting the intrusion and arrest.
Therefore, since the warrantless arrest of Gregory Smith was legal the defendants' contention that they had a right to resist, or interfere with, an unlawful arrest is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges in this assignment that even if the arrest of Gregory Smith was legal they could not be guilty of obstructing the police officers since they did not believe that the officers were acting lawfully.
Defendants rely on State v. Gros, 216 La. 103, 43 So.2d 232 (1949), which established that "scienter" is an element of the offense. However Gros does not hold that the offender must know that the arrest he resists (or interferes with) is a lawful one, but rather that the offender must be aware that the person he resists is acting in his official capacity. This the defendants knew.
The assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
In the final assignment of error defendants contend that the state presented no evidence whatever that defendants had opposed, resisted or obstructed the officers within the meaning of R.S. 14:108.[3]
The facts essential to a consideration of this assignment are related hereinabove, at least as respects defendants' actions, legally justified, up to the point at which the officers heard the noise and acquired the right to enter the rear of the house. From that point the only evidence in the record indicative of opposition, resistance or obstruction of the police officers was the testimony of Officer Radosti that when he attempted to gain access to the hallway, defendant deManuel would not move. Officer Radosti stated further, ". . . I tried to move him and he didn't move. So I shoved him."
There is no indication from the record, however, that Shirley Smith did anything in the way of obstruction or resistance from the time the officer attempted to get into the hallway. There is not even an indication that her position at the time obstructed the way of the officers.
On a motion for a judgment of acquittal or for a new trial premised on an absence of essential elements of a crime, our review is limited to determining whether there is a total lack of evidence to prove the offense or any element thereof. State v. Reeves, 342 So.2d 605 (La.1977). In this case there is some evidence of obstruction or resistance by defendant deManuel but none whatever by defendant Smith. Thus, we find that though the assignment is not meritorious with respect to deManuel, it is indeed meritorious as to Shirley Smith.

*220 Decree

For the above reasons we affirm the conviction and sentence of defendant Benjamin deManuel; we reverse the conviction and sentence of defendant Shirley Smith and order her discharged.
CONVICTION AND SENTENCE OF DEFENDANT BENJAMIN deMANUEL AFFIRMED.
CONVICTION AND SENTENCE OF DEFENDANT SHIRLEY SMITH REVERSED.
SUMMERS, J., concurs as to the reasons assigned relative to deManuel and dissents as to Smith.
DIXON, J., dissents as to de Manuel and concurs as to Smith.
NOTES
[1] La.R.S. 14:108 provides:

Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification and connotation mean:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregates with others on a public street and refuses to move on when ordered by the officer.
Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.
[2] See State v. Ranker, 343 So.2d 189 (La.1977):

"The United States Supreme Court has not yet resolved the issue of whether the Fourth Amendment requires a warrant for non-exigent arrests within the home. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (footnote 6, and separate concurring opinions of Justices Powell and Stewart); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (footnote 13). Nevertheless, the Supreme Court has not been entirely silent with respect to the issue. In Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), a majority of the Court agreed with the following proposition:
"It is clear, then, that the notion that the warrantless entry of a man's house in order to arrest him on probable cause is per se legitimate is in fundamental conflict with the basic principle of Fourth Amendment law that searches and seizures inside a man's house without a warrant are per se unreasonable in the absence of some one of a number of well defined `exigent circumstances.'" 403 U.S. at 477-78, 91 S.Ct. at 2044, 29 L.Ed.2d at 589-90.
The Court further noted in Coolidge, that:
"The case of Warden v. Hayden [387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967)], where the Court elaborated a `hot pursuit' justification for the police entry into the defendant's house without a warrant for his arrest, certainly stands by negative implication for the proposition that an arrest warrant is required in the absence of exigent circumstances." 403 U.S. at 480-81, 91 S.Ct. at 2045, 29 L.Ed.2d at 591."
[3] This argument was presented in brief to the Appellate Division and found to be without merit. We construe that articulation for what it essentially was, a motion for judgment of acquittal in a tribunal having jurisdiction of the facts and the law. The assignment in this Court is, in effect, therefore, a complaint that the Appellate Division erred in finding the motion without merit.