EDWARDS, Judge.
These consolidated cases raise the issue of whether the trial court correctly found two minors to be delinquents because of their participation in an altercation with a police officer.
On the night of December 31, 1980, Officer Edward Humphries of the Slidell Police Department responded to complaints that fireworks were being discharged within the Slidell city limits. Officer Humphries made two stops to request that persons shooting fireworks within the city limits refrain from doing so. When he resumed patrolling in his vehicle, he observed three individuals preparing to discharge some bottle rockets. Humphries got out of his vehicle and advised them not to shoot the fireworks. Humphries testified at trial that an inebriated white male (Toxie Courtney) shouted from inside a fenced-in yard that the property was located outside of the city limits.[1] Humphries replied that he knew it was outside of the city limits but that they would have to refrain from shooting fireworks over into the city. Humphries testified that Courtney approached the fence with a drink in his hand, and after a discussion, threw the drink on him. At that point Humphries informed Courtney that he was under arrest for “simple battery upon a police officer.” Humphries testified that Courtney responded by cursing him and retreating further back into his yard. Apparently, Humphries had physically attempted to place Courtney under arrest because he testified that Mrs. Courtney intervened at that point and kept trying to drag her husband back across the fence.
Humphries returned to his police car and requested assistance from his office as well as the St. Tammany Parish Sheriff’s Department. Officers from both agencies arrived and Humphries advised them of what had happened and that he had placed Toxie Courtney under arrest for simple battery. *594 A number of officers crossed the fence to take custody of Mr. Courtney, and Mrs. Courtney intervened on his behalf. At that point a melee apparently erupted, with members of the Courtney family attempting to prevent the arrest of Mr. and Mrs. Courtney. A number of members of the Courtney family, including the two juveniles, Charles and Spencer, were arrested.
The State filed petitions seeking to have Charles and Spencer Courtney adjudicated delinquents. These petitions alleged that the minors had committed the following offenses in connection with the events described above: 1) Resisting an officer, a violation of LSA-R.S. 14:108; 2) Disturbing the peace, a violation of LSA-R.S. 14:103; and 3) Simple battery, a violation of LSA-R.S. 14:35. Deputy R. S. Mills, of the St. Tammany Parish Sheriff’s Department, was named as the officer that the Courtneys allegedly resisted and battered.
Trial of the two cases was consolidated. The trial court found that the minors did commit the crime of resisting an officer, LSA-R.S. 14:108, and that Charles Courtney was guilty of committing a simple battery on Deputy Mills. The trial court found the juveniles not guilty of the other charges. The defendants were adjudicated delinquents by the trial court and released with a reprimand. The juveniles’ subsequent motions to vacate adjudication were denied.
The juveniles have appealed their adjudication as delinquents. They assert that they did not violate LSA-R.S. 14:108. The Courtneys contend that their father’s arrest was unlawful and that they had a right to resist it. Since the arrest was unlawful they argue that they were not guilty of violating LSA-R.S. 14:108.
The trial judge rejected the juveniles’ contention that an individual has the right to resist the unlawful arrest of another. The court held that the right to resist an unlawful arrest is limited to the person being arrested.
To the contrary, it is clear that Louisiana recognizes the right of a third person to resist the arrest of another, and that such conduct is not a violation of the statute.
LSA-R.S. 14:108 provides, in pertinent part, as follows:
“Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property or serving process is acting in his official capacity.”
The resistance of the unlawful arrest of another does not constitute a violation of LSA-R.S. 14:108. Under the statute, unless the arrest is lawful, no offense has been committed. The officer must be authorized by law to make a lawful arrest in order to satisfy the terms of the statute. The Reporter’s Comment to LSA-R.S. 14:108 states, in part, as follows:
“This section covers resistance by a third person or by the individual who is being arrested.”
In White v. Morris, 345 So.2d 461 (La. 1977), the Louisiana Supreme Court noted that Louisiana adheres to “the centuries old common law right to resist an unlawful arrest.” The court also recognized that this right was statutorily recognized in the language of LSA-R.S. 14:108 and LSA-C.Cr.P. art. 220. See also State v. Lindsay, 388 So.2d 781 (La.1980).
Implicit recognition of the right to resist another’s arrest is found in the Louisiana Supreme Court’s decision in State v. Smith, 352 So.2d 216 (La.1977). The two defendants in Smith were convicted of resisting an officer in connection with the arrest of a third person, Gregory Smith. Defendants contended that the search for and arrest of Gregory Smith were illegal and the officer whom they resisted was not “authorized by law to make a lawful arrest.” After setting forth the provisions of LSA-R.S. 14:108, and making an extensive factual study of the probable cause for the arrest, the court concluded:
“Therefore, since the warrantless arrest of Gregory Smith was legal the de *595 fendants’ contention that they had a right to resist, or interfere with an unlawful arrest is without merit.”
Implicit in the court’s decision is the recognition of the rule that if the arrest had been unlawful, defendants’ actions would not have violated the statute in question.
We therefore turn our attention to the action of the arresting officer whom the Courtneys were charged with resisting. Counsel for the minors alleged that Officer Humphries was acting without probable cause and outside of his jurisdiction when he attempted to arrest Toxie Courtney.[2] We conclude that it is unnecessary to determine whether or not Humphries’ attempted arrest of the boys’ father was lawful. The State’s petition alleged that the boys had resisted and committed a battery upon Deputy Mills of the St. Tammany Sheriff’s Department. In its answer to the request for a Bill of Particulars, the State asserted that, at the time, Deputy Mills was attempting to arrest several members of the Courtney family, including: Toxie Courtney. Therefore, the lawfulness of Deputy Mills’ conduct is what must be examined.
Deputy Mills testified as follows with regard to his role in the incident: Mills went to the Courtney residence in response to Humphries’ call for assistance. Upon his arrival he noticed several individuals scuffling with Slidell police officers. Hum-phries advised Mills that Toxie Courtney had thrown a drink on him and that the officers were attempting to place him under arrest. Mills testified that when he attempted to assist the other officers, Charles Courtney “grabbed me on the arm, swung me around and he hit me right in the chest, and he broke my tie tac, and he tore the tie off my shirt.” Although Deputy Mills testified that he could not recall seeing Spencer Courtney in the scuffle, several other officers testified that Spencer likewise resisted Mills’ attempt to assist the other officers in making the arrest.
The Courtney residence is located within the confines of St. Tammany Parish. Thus, Deputy Mills was within his jurisdiction. He was informed by Officer Humphries that Toxie Courtney had thrown a drink on him.[3] The throwing of the drink occurred prior to any effort by Humphries to arrest Courtney. Such conduct could constitute a battery, a violation of LSA-R.S. 14:35. Thus, despite any of the other surrounding circumstances, at that point Mills had reasonable cause to believe that Toxie Courtney had committed an offense and Mills had authority to effect a lawful arrest. LSA-C.Cr.P. art. 213. We conclude, therefore, that by interfering with Deputy Mills the Courtney boys intentionally resisted “an individual acting in his official capacity and authorized by law to make a lawful arrest.”
We conclude that the evidence in the record establishes, beyond a reasonable doubt, that the Courtney boys were guilty of the crime of resisting an officer, LSA-R.S. 14:108, and that Charles Courtney committed a battery in violation of LSA-R.S. 14:35. Therefore, the judgment of the trial court, adjudicating Charles Courtney and Spencer Courtney delinquents, is affirmed.
AFFIRMED.

. The use of fireworks is lawful in St. Tammany Parish, but is prohibited within the Slidell city limits.

. Humphries’ authority, at the time of the incident, to make an arrest outside of the Slidell city limits is challenged by the Courtneys. Humphries testified at trial that he had a commission from the St. Tammany Parish Sheriff authorizing him to make misdemeanor arrests outside the city limits. He testified that his commission was first issued in 1972 and renewed in January of 1981 by Sheriff Canulette. In a brief supporting the motion to vacate adjudication, counsel for the Courtneys alleged, first, that the Sheriff’s Office had no record of any commission issued to Humphries prior to January 12, 1981. Alternatively, counsel argued that any prior commissions became invalid when Sheriff Canulette took office, prior to December 31, 1980.

. Toxie Courtney and other defense witnesses testified that the drink was not thrown by Courtney but that Humphries knocked it from his hand. The trial judge, who was in a better position to evaluate witness credibility, stated that he believed the officer. We accept the factual determination by the trial court that Humphries’ testimony that the drink was thrown is the correct version of the incident.